[Sac. No. 1077.  Department Two.—September 1, 1904.]

## JOHN McCARTHY, Respondent, v. GASTON RIDGE MILL AND MINING COMPANY, Appellant.

ABATEMENT OF NUISANCE — INJUNCTION — EQUITABLE JURISDICTION— CONSTRUCTION OF CONSTITUTION.—Whether an action to abate a nuisance, and for an injunction to prevent it, is referable to the clause of the constitution giving the superior court jurisdiction "in all cases in equity," or to the clause giving it jurisdiction of "actions to prevent or abate a nuisance," is immaterial so far as its equitable jurisdiction of such an action is concerned. The prevention or abatement of a nuisance is to be accomplished by means of an injunction either prohibitive or mandatory, and an action therefor is within the equitable jurisdiction of the superior court, and is to be governed by the prinicples prevailing in that jurisdiction.

ID.—JURY TRIAL—ISSUE OF DAMAGES—ADVISORY VERDICT—DISREGARD BY COURT.—Neither the constitution nor the statute gives to a party to such an action the right to a jury trial. Where a jury was called therein to pass upon an issue as to damages claimed, its verdict thereon is merely advisory and may be disregarded by the court,

which may upon sufficient evidence find and render judgment in favor of the damages prayed for. The prayer for damages is incidental to the relief sought; and as the action is properly brought in a court of equity, it will determine all the issues in the case.

ID.—SUFFICIENCY OF EVIDENCE—ABSENCE FROM RECORD—PRESUMPTION UPON APPEAL.—Where the evidence is not set forth in the record upon appeal, and there is no specification of insufficiency of the evidence to support the finding of the superior court upon the issue as to damages, this court must assume that the superior court was justified in disregarding the verdict of the jury and making its findings in accordance with the evidence upon that issue.

ID.—ABATEMENT OF NUISANCE BY ACT OF DEFENDANT—FINDINGS—JUDGMENT FOR DAMAGES—COSTS—DISCRETION OF COURT.—Where the findings showed that prior to and at the commencement of the action, and up to the time of the trial, the defendant maintained a nuisance, and that plaintiff had sustained damages in the sum of fifty dollars, for which judgment was given, and also found that pending trial the defendant had abated the nuisance by its own action, for which reason a judgment of abatement and injunction was properly withheld, the action did not by such act of the defendant cease to be of equitable jurisdiction, and the court had discreation to award costs to the plaintiff, notwithstanding the amount of the judgment for damages was less than three hundred dollars.

APPEAL from a judgment of the Superior Court of Nevada County.  F. T. Nilon, Judge.

The facts are stated in the opinion.

Page, McCutchen, Harding & Knight, for Appellant.

J. M. Walling, for Respondent.

HARRISON, C.—The plaintiff is the owner of a tract of land in the county of Nevada which he has occupied as his residence and cultivated for many years, irrigating it by means of water brought thither from the south fork of Poorman Creek, through a ditch of which he is also the owner. The defendant, since January, 1900, has been engaged in mining and milling in that county, and has constructed a ditch through which sand and refuse matter have been carried from its works and discharged into said south fork of Poorman Creek above the head of the plaintiff's ditch, and thence into and through said ditch upon the lands of the plaintiff. In his complaint herein the plaintiff alleges that

by reason of these acts of the defendant the waters flowing through his ditch are rendered offensive to the smell, unwholesome, and so polluted as to be unfit for watering his stock, and that the sand caused to be deposited upon his land is injurious to it, and if continued will render it unfit for cultivation. He therefore asked that. the defendant be enjoined from further committing said acts, and that he recover judgment for the damages already sustained therefrom.

The action was commenced February 13, 1901, and on June 15th the defendant answered the complaint. The cause came on for trial October 17, and special issues as to the amount of damage sustained by the plaintiff were submitted to the jury. The jury found that the plaintiff had not sustained any damage, but the court refused to accept their verdict. After this verdict had been given the defendant filed a supplemental answer November 16, 1901, alleging that since the commencement of the action defendant had constructed a ditch from its mine and mill to a point in said south fork of Poorman Creek below the head of the plaintiff's ditch, into which it had, since its completion, discharged all the water used by it in the operation of its mine and mill that could in any way pollute or affect the waters flowing upon the plaintiff's land. Thereafter, January 8, 1902, the court rendered its decision, and found:—

"That since the 27th day of January, 1900, and until about the 18th day of October, 1901, the defendant had caused sand and tailings from its quartz-mill to flow down into the south fork of Poorman Creek at a point on said stream above the head of plaintiff's ditch, and thence into and through said ditch upon the cultivated lands of plaintiff, and also filling the ditches of plaintiff with sand and débris, and contaminating the waters of plaintiff and rendering said waters unfit for watering stock, to plaintiff's damage in the sum of fifty dollars.

"That since the commencement of this action plaintiff has constructed a ditch in such manner and of such capacity as to carry the sand and débris from its mill to said south fork of Poorman Creek and deposit the same in said creek at a point below the head of plaintiff's ditch where the same will not injure plaintiff."

Upon the facts found by it the court held that the plaintiff was entitled to recover judgment against the defendant for the sum of fifty dollars for the damage sustained by its acts, and his costs expended in the action, amounting to $137.50, but denied his application for an injunction. Judgment accordingly was thereupon entered. The defendant has appealed therefrom, bringing the appeal here upon the judgment-roll, without any bill of exceptions, and presents as grounds for its reversal that the court erred in disregarding the verdict of the jury and awarding damages to the plaintiff, and also in allowing the plaintiff to recover his costs of suit. In support of its appeal the appellant contends that the complaint of the plaintiff presents merely an action at law, which it was entitled to have determined by a jury, and that as the plaintiff recovered less than three hundred dollars damages, he is not entitled to recover his costs.

The action is one for the abatement of a nuisance, and to recover damages sustained from its maintenance. The facts alleged in the complaint as the grounds for the action, and found by the court to be true, constituted a nuisance and created a cause of action in his behalf, entitling him to a judgment for the damages sustained by him, and that the nuisance be enjoined or abated. (Code Civ. Proc., sec. 731.)

The constitution has conferred upon the superior court original jurisdiction "in all cases in equity," and also "of actions to prevent or abate a nuisance." If the plaintiff would merely seek judgment for the damages sustained by him, his action may be brought either in the superior court or in the justice's court, according to the amount of damages claimed by him. If he would seek the abatement or prevention of the nuisance, he can bring his action only in the superior court. Such action may be maintained in that court whether he seeks in addition thereto to recover damages in excess of three hundred dollars, or even if no damages are claimed. Whether the jurisdiction of the superior court to entertain the action is referred to the clause in the constitution giving it jurisdiction "in all cases in equity" or to the clause giving it jurisdiction "of actions to prevent or abate a nuisance" is immaterial. The prevention or abatement of a nuisance is to be accomplished by means of an injunction either prohibitive or mandatory, and an action

therefor is within the equitable jurisdiction of the court, and is to be governed by the principles prevailing in that jurisdiction. (*Sullivan* v. *Royer*, 72 Cal. 248;[1] *Richardson* v. *City of Eureka*, 110 Cal. 441.) The constitution does not give to a party the right to have the issues in such action tried by a jury, nor is the action within those in which the legislature has authorized a jury trial. (Code Civ. Proc., sec. 592.) The prayer for damages is incidental to the relief sought (*Hudson* v. *Doyle*, 6 Cal. 102; *Courtright* v. *Bear River etc. Co.*, 30 Cal. 576), and as the action is properly brought in a court of equity, it will determine all the issues in the case. (*McLaughlin* v. *Del Re*, 64 Cal. 474.) The court may call in a jury and ask for its judgment upon one or more issues of fact, but the verdict of the jury is merely advisory, and may be disregarded by the court. (*Sweetser* v. *Dobbins*, 65 Cal. 529.)

The evidence upon the issues submitted to the jury is not in the record, and as the appellant is not questioning its sufficiency to sustain the finding of the court, we must assume that the court was justified in disregarding the verdict of the jury and making its finding in accordance with the evidence upon that issue.

In support of its claim that the plaintiff was not entitled to recover his costs, the appellant has cited *Himes* v. *Johnson*, 61 Cal. 259, and *Brown* v. *Delavau*, 63 Cal. 303. These actions were to recover damages for trespass to real property, in one of which the plaintiff failed to show that he had ever had any right to equitable relief, and in the other abandoned such claim. It was held that the mere fact that he had asked for relief in equity, in addition to seeking to recover damages, did not entitle him to recover the costs of his suit— that in such a case the action is to be regarded merely as an action for damages. These decisions are therefore inapplicable to a case where the plaintiff, in addition to asking for relief in equity, has shown his right to such relief, and the court has made a finding of fact showing that he was entitled thereto.

In the present case the direct purpose of the action was to abate the nuisance, and the damages sought were merely incidental thereto. The court has found that at the commencement of the action the defendant was maintaining

---

[1] 1 Am. St. Rep. 51, and note.

the nuisance complained of, and that it continued to maintain it until a time subsequent to the submission of the issues to the jury. It has also found that after the commencement of the action the defendant constructed a ditch for the purpose of diverting the flow of water in a different direction, and that thereby it had ceased to pollute the plaintiff's land. As the nuisance had been abated at the time the court rendered its decision, the occasion for an order for its abatement had ceased, and for that reason it was proper to deny the plaintiff's application for an injunction. The suggestion of the appellant that the reason why the court did not grant the injunction is not open to investigation is untenable. The finding of the court that at the commencement of the action the defendant was maintaining a nuisance, and that it continued to maintain it until after the cause had been tried, and that the plaintiff had thereby sustained damage, gave him the right to a judgment for its abatement. The omission to give such judgment is explained only by the finding of the court that the defendant had itself abated the nuisance before the judgment was rendered. The action did not cease to be an action for the abatement of a nuisance, and within the equitable jurisdiction of the court, because, after its commencement, the defendant, of its own motion, caused its abatement. It was therefore one of the "other actions than those mentioned in section 1022," in which, under section 1025 of the Code of Civil Procedure, costs may be allowed or not, in the discretion of the court.

We advise that the judgment be affirmed.

Cooper, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

Henshaw, J., McFarland, J., Lorigan, J.