[L. A. No. 2728. Department One.—January 17, 1912.]

TITLE INSURANCE AND TRUST COMPANY (a Corporation), Respondent, v. KING LAND AND IMPROVEMENT COMPANY (a Corporation), et al., Defendants. CHARLES KERN et al., Appellants.

PRACTICE—SETTING ASIDE DEFAULT—DEFENDANTS PERSONALLY SERVED— LIMITATION ON TIME OF APPLICATION.—The court is without power, under section 473 of the Code of Civil Procedure, to set aside the defaults of defendants who have been personally served with summons, unless the application therefor is made within a time not exceeding six months after the default was entered.

ID.—ENTRY OF DEFAULT A PROCEEDING TAKEN AGAINST PARTY IN DEFAULT.—The taking and entering of a default by the clerk or by the court, at the instance of the adverse party, is a "proceeding taken against" the party in default, within the meaning of section 473 of the Code of Civil Procedure, and its entry, and not that of the judgment, fixes the beginning of the period of six months within which a motion to set aside the default must be made.

ID.—EFFECT OF DEFAULT ON SUBSEQUENT PROCEEDINGS.—Such a default cuts off the defendant from making any further opposition or objection to the relief which plaintiff's complaint shows he is entitled to demand. He cannot thereafter, nor until the default is set aside in a proper proceeding, file pleadings, or move for a new trial, or demand notice of subsequent proceedings.

APPEALS from an order of the Superior Court of Los Angeles County refusing to set aside a judgment and to relieve from a default. Leon F. Moss, Judge.

The facts are stated in the opinion of the court.

E. E. Keech, for Appellants.

Stephens & Stephens, for Respondent.

SHAW, J.—The appeals here presented were taken from an order denying the several motions of the appealing defendants to set aside a judgment and to relieve them from a default entered against them.

The action was upon a promissory note executed to the plaintiff by the King Land and Improvement Company, Charles Kern, W. J. King, G. W. Burleigh, A. C. Black, H. E. Smith, H. C. Cartmell, C. R. Ward, Robert McFadden, William L. Inness, and Albert Fuller, all of whom were made defendants. The appealing defendants are Black, Smith, Cartmell, Inness, Fuller, and Kern, each of whom had suffered a default to be taken and entered against him. The defaults of all except Kern were entered by the clerk on January 4, 1909. Kern joined in an answer with the other defendants, Ward, Burleigh, and McFadden, but at the beginning of the trial, to wit, on June 1, 1909, he withdrew therefrom and thereupon his default was duly entered by the court. The judgment was rendered on March 3, 1910. The motion to have the defaults and the judgment set aside was made on May 16, 1910.

It is apparent that the applications to set aside the defaults came too late. They were made under the provisions of section 473 of the Code of Civil Procedure. All of the appellants were personally served with summons, and Kern personally appeared. In such cases, the court, under that section, is without power to grant such relief unless the application therefor is made within a time not exceeding six months after the proceeding from which relief is sought was taken. As to all except Kern, the default was entered more than sixteen months before the application to vacate it was made. As to Kern, it was more than eleven months before the application.

The proposition that the taking and entering of a default is not a "proceeding taken against" the party in default, within the meaning of section 473, that the judgment is the only effectual proceeding, and that its date fixes the beginning of the period of six months within which a motion to set aside

the default may .be made, is not tenable. A default is entered by the clerk or by the court, at the instance of the adverse party. It is clearly a proceeding against the delinquent party. (*Burns* v. *Superior Court*, 140 Cal. 5, [73 Pac. 597]; *Stonesifer* v. *Kilburn*, 94 Cal. 43, [29 Pac. 332]; *Lukes* v. *Logan*, 66 Cal. 33, [4 Pac. 883].) If it were not a proceeding, or order, the party could not obtain relief from it at all under that section. It is not a judgment, and the section authorizes relief only from a judgment, order, or proceeding. The argument is really self-destructive. If the default cannot be set aside, because it is not a proceeding or order, of what avail would it be to set aside the judgment? The default would stand undisturbed. A default cuts off the defendant from making any further opposition or objection to the relief which plaintiff's complaint shows he is entitled to demand. A defendant against whom a default is entered "is out of court and is not entitled to take any further steps in the cause affecting plaintiff's right of action." (6 Ency. of Plead. and Prac., p. 126.) He cannot thereafter, nor until such default is set aside in a proper proceeding, file pleadings, or move for a new trial, or demand notice of subsequent proceedings. (6 Ency. of Plead. and Prac., p. 127.) "A default confesses all the material facts in the complaint." (*Rowe* v. *Cable M. W. Co.*, 10 Cal. 441.) Consequently, if the judgment were vacated, it would be the duty of the court immediately to render another of like effect, and the defaulting defendants would not be heard for the purpose of interposing any denial or affirmative defense.

Under these circumstances the court below was justified in refusing appellants any relief. We are not to be understood as intimating that on the merits there was a sufficient case of excusable neglect established.

The order is affirmed.

Angellotti, J., and Sloss, J., concurred.