[Civ. No. 3580.   Second Appellate District, Division Two.—January 6, 1922.]

AGNES McLAIN, Respondent, v. LLEWELLYN IRON WORKS (a Corporation), Appellant.

[1] DEFAULT — APPLICATION FOR RELIEF — RUNNING OF TIME.—The clerk's entry of the default and not the entry of the judgment by the court fixes the beginning of the six-month period within which an application for relief under section 473 of the Code of Civil Procedure must be made.

[2] APPEAL—DECISION OF SUPREME COURT—EFFECT OF.—A decision of the supreme court that has never been overruled or modified must be followed by the district court of appeal.

APPEAL from a judgment of the Superior Court of Los Angeles County.  John W. Shenk, Judge.  Affirmed.

The facts are stated in the opinion of the court.

Haas & Dunnigan for Appellant.

L. E. Thompson and Goodwin & Morgrage for Respondent.

FINLAYSON, P. J.—This is an appeal from an order denying defendant's motion to set aside its default and the judgment entered thereon.

The action was brought to recover damages for loss suffered by reason of the death of plaintiff's son through defendant's alleged negligence.  Defendant appeared in the action and filed a demurrer, which was overruled.  In its order overruling the demurrer the court allowed defendant ten days to answer.  A copy of this order was duly served upon defendant's counsel on March 10, 1920.  Defendant failing to answer within the ten days allowed therefor, the clerk, on March 24, 1920, regularly entered defendant's default.  On October 7, 1920, the court, after hearing evidence on the question of damages, ordered judgment for plaintiff in the sum of fifteen thousand dollars.  This judgment, signed by the learned judge of the trial court, was regularly entered October 11, 1920.  On October 14, 1920, which was six months and twenty-seven days after the clerk

had entered its default, defendant served and filed its notice of motion to set aside the default and the judgment entered thereon, upon the ground that the same had been taken by reason of accident and through defendant's inadvertence and excusable neglect. The order denying the application to set aside the default recites that it is based solely upon the ground that the court is without jurisdiction to grant the motion, the application having been made more than six months after the default was taken.

[1] It is evident that the application to set aside the default came too late. It was made under section 473 of the Code of Civil Procedure, which provides that an application for relief from a judgment, order, or other proceeding, taken against the applicant through his mistake, inadvertence, surprise, or excusable neglect, must be made "within a reasonable time, but in no case exceeding six months after such judgment, order or proceeding was taken." In construing this code provision, our supreme court, in the case of *Title Ins. Co.* v. *King Land etc. Co.*, 162 Cal. 44 [120 Pac. 1066], held that the clerks' entry of the default, and not the entry of the judgment by the court, fixes the beginning of the six months within which the application must be made. Appellant concedes that the supreme court has decided the point adversely to its contention, but undertakes to question the soundness of that court's reasoning. [2] We see no merit in appellant's argument; and, moreover, a decision of the supreme court that has never been overruled or modified must be followed by this court.

The judgment is affirmed.

Works, J., and Craig, J., concurred.

. A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 6, 1922.

All the Justices concurred.

Lennon, J., was absent and Richards, J., *pro tem.*, was. acting.