[L. A. No. 21406. In Bank. Sept. 13, 1950.]

HOWARD GREER CUSTOM ORIGINALS (a Corporation), Respondent, v. J. C. CAPRITTI, Appellant.

George W. Rochester for Appellant.

Abraham Gottfried for Respondent.

EDMONDS, J.—Howard Greer Custom Originals sued J. C. Capritti, doing business under the fictitious name of Rose Marie of California. He has appealed from an order denying his motion to set aside a default judgment entered against him.

The complaint, to recover certain personal property and damages for breach of contract, named a number of defendants fictitiously. Prior to service of the summons, an amended complaint was filed and a writ of attachment issued against the property of "J. C. Capritti, d.b.a. Rose Marie of California."

The writ was levied upon furniture, fixtures and merchandise "belonging to the defendant." As an individual, he filed an undertaking to discharge the attachment. Rose Marie of California, a corporation, "sued as Black and White Company" appeared by answer and also filed a cross-complaint.

Later the summons on the amended complaint was served upon Capritti, and no appearance having been made by him within the time allowed therefor, his default was entered. Meanwhile demurrers to the answer and cross-complaint of the corporation were sustained with leave to amend. Shortly thereafter the corporation filed a petition in bankruptcy.

Capritti then moved to set aside the default which had been entered against him, specifying as the ground for such relief "mistake and surprise." The motion was supported by an affidavit averring that he "was under the impression that . . . [the answer filed on behalf of the corporation] . . . would be sufficient and that there was no need for affiant to file an Answer in his individual and personal capacity." He also declared that when he discovered the entry of default, he requested counsel for the corporation to prepare an answer for him. However, the record shows that his answer was filed after the default was entered.

The motion was denied and judgment rendered against Capritti. He immediately filed a notice of motion to have the judgment set aside upon the ground that it was taken against him "through inadvertence and surprise." In an affidavit stating facts assertedly justifying such relief, he gave as the ground for his "impression" in regard to the sufficiency of the answer of Rose Marie, assurance by the corporation's attorney "that plaintiff and plaintiff's counsel understood the situation." He added that he has a meritorious defense to the action in that he was plant manager of the corporation but at no time did he do business as an individual under its name.

Before the matter came on for hearing, Capritti filed a proposed answer to the complaint in support of his motion. This pleading is substantially the same as the one previously filed. He alleged that he had never done business "under the fictitious firm name and style of Rose Marie of California . . . [but] . . . was employed by Rose Marie of California; . . . that his employment was that of manager of the plant operated by said corporation . . . and he had no other business other than as afore described and did not at any

time enter into any agreements, contracts or understandings of any kind whatsoever with the plaintiff herein.''

The facts stated in the affidavits filed on behalf of the Greer company sharply conflict with those presented by Capritti. It is averred that officers of the company visited the premises occupied by Rose Marie on the day before the first complaint was filed. At that time, it is said, Capritti stated to them that he was the owner of Rose Marie. Other allegations are that an attorney representing Capritti telephoned to one of Greer's counsel, and after stating that he ''would enter an appearance for Mr. J. C. Capritti,'' requested a copy of the summons and complaint. There was never any understanding between the Greer company and any attorney for Capritti, the affiant declared, that the action was intended to be solely against the corporation and not against the appellant as an individual.

As grounds for the reversal of the order adverse to him, Capritti contends that the denial of his motion was an abuse of discretion which deprived him of his day in court and the opportunity to present a meritorious defense. The Greer company argues that no appeal lies from the determination of the motion, and a motion to set aside a judgment must be denied where the court has refused to set aside the entry of default. The respondent also asserts that the record shows no clear abuse of discretion, and, for that reason, the action of the trial court should be affirmed.

The only order sought to be reversed by this appeal is the one denying defendant Capritti's motion to set aside the default judgment. Neither that motion nor this appeal is an attack upon the entry of default or the order refusing to set it aside.

It is apparent that even if the judgment were now vacated, such action would be abortive. The entry of default, from which Capritti does not seek relief by this appeal, stands of record against him and entitles the Greer company to a judgment upon its complaint. As stated in *Brooks* v. *Nelson*, 95 Cal.App. 144, 147-148 [272 P. 610] : ''The setting aside and vacating the judgment alone, which was all the relief sought in said motion, would have been an idle act, because the default . . . would have stood undisturbed. The default cut off defendants from making any further opposition or objection to the relief which plaintiff's complaint shows he is entitled to demand. A defendant against whom a default has been entered is out of court and is not entitled to take any further

steps in the cause affecting plaintiff's right of action; he cannot thereafter, until such default is set aside in a proper proceeding, file pleadings or move for a new trial, or demand notice of subsequent proceedings. . . . [citing cases] . . . If the judgment were vacated it would be the duty of the court immediately to render another judgment of like effect, and the defendants, still being in default, could not be heard in opposition thereto. . . ." (*Bowman* v. *Bowman*, 29 Cal.2d 808 [178 P.2d 751, 170 A.L.R. 246]; *Christerson* v. *French*, 180 Cal. 523 [182 P. 27]; *Title Insurance & Trust Co.* v. *King Land & Imp. Co.*, 162 Cal. 44 [120 P. 1066].)

The order is affirmed.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.

Appellant's petition for a rehearing was denied October 9, 1950. Shenk, J., and Carter, J., voted for a rehearing.