[Civ. No. 14378. First Dist., Div. One. Nov. 17, 1950.]

THE CITY OF PACIFIC GROVE, Respondent, v. JOHN HAMILTON, Appellant.

Hudson, Martin, Ferrante & Street for Appellant.

Reginald E. Foster, City Attorney, for Respondent.

WOOD (Fred B.), J.—Defendant appeals from an order of the superior court denying his motion made under the

provisions of section 473 of the Code of Civil Procedure to set aside a default judgment.

The action is by the city for sewer rental charges, at the rate of $15 per year for a period of two years, for use of municipal sewer lines outside the city limits. Summons was served upon appellant on September 13, 1948. On January 5, 1949, respondent requested the clerk of the court to enter the default of appellant. On January 6, 1949, the default of appellant for failure to appear and answer the complaint was entered by the clerk. On January 7, 1949, judgment in writing, designated ''Decree on Default,'' signed by the judge of the court, dated January 6, was filed. It recited that the default of appellant had been duly entered according to law and decreed that respondent recover judgment against appellant for $30 plus costs.

On June 25, 1949, appellant filed a notice of motion, with supporting affidavits, for an order ''setting aside that certain Decree on Default in the above-entitled matter, which decree was dated January 6, 1949.'' On July 12, 1949, a minute order was made denying appellant's motion to set aside said default judgment.

On September 10, 1949, appellant filed his notice of appeal ''from the order denying defendant's motion to set aside default judgment dated the 6th day of January, 1949, which said order was entered by the above-entitled court on July 12, 1949.''

■ An application for relief, such as this, under section 473 of the Code of Civil Procedure, is addressed to the sound discretion of the trial court, an impartial discretion which must be guided and controlled in its exercise by fixed legal principles. [2] It should appear that something more than mere inadvertence or neglect without reasonable excuse or justification existed, and that the inadvertence or neglect in question was not the result of mere forgetfulness but was based upon other circumstances which would suffice to render the same excusable. (*Benjamin* v. *Dalmo Mfg. Co.*, 31 Cal.2d 523, 525-526 [190 P.2d 593]; *Gorman* v. *California Transit Co.*, 199 Cal. 246, 248 [248 P. 923].) ■ It is the function of the trial court to weigh the evidence and resolve any conflicts between the affidavits of the opposing parties. (*Waybright* v. *Anderson*, 200 Cal. 374, 379 [253 P. 148]; *Fickeisen* v. *Peebler*, 77 Cal.App.2d 148, 152 [174 P.2d 883]; *Hadges* v. *Kouris*, 71 Cal.App.2d 213, 217 [162 P.2d 475].)

The facts stated in the affidavits presented herein by respondent, in resisting the motion to vacate the judgment, support the order denying that motion and indicate no abuse of discretion upon the part of the trial court in making that order.

From the affidavit of respondent's attorney it appears that shortly after service of summons appellant's attorney telephoned asking for some additional time beyond the ten days allowed by law; that affiant advised he was glad to grant some additional time but that as the city council was severely provoked because appellant had "stalled" the city for over a year in its attempt to collect sewer rentals from property owners outside the city, and had advised other property owners not to pay the rental, the council insisted upon the matter being brought to trial at the earliest possible date; that affiant telephoned appellant's attorney at least twice in October, 1948, and in each instance was asked for additional time to plead, and in each instance advised that it was becoming more and more uncomfortable to grant any further extension of time; that on each such occasion appellant's attorney promised to get his pleading on file within the very near future; that on November 3 the city mayor advised affiant to give appellant no longer than December 1 in which to plead, and on November 4 affiant informed appellant's attorney of that fact and the latter assured affiant he would have the pleading on file long before December 1, 1948; that twice during the balance of November affiant telephoned appellant's attorney asking as to the progress in the preparation of the pleading and was assured it would be on file by December 1; that on December 2 the mayor, by telephone, informed appellant's attorney that the latter could have one more week, and no more, in which to file the pleading, after which, if not filed, the city would apply for default judgment; that on December 2 or 3 appellant's attorney stated to affiant that he would have an answer on file by December 6, and affiant made it very clear in said conversation that unless the pleading were on file within the allotted time affiant would have to take a default judgment; that at the end of the seven-day period affiant telephoned appellant's attorney and was advised that the pleading still was not ready, whereupon affiant allowed the matter to run for another week until the city council meeting of December 15, at which time the council expressed its displeasure and the mayor instructed affiant that if appellant's pleading were not on file within another ten days

affiant was to take immediate default judgment; that the time last allotted by the city council expired on December 26, 1948, and affiant still waited until January 6, 1949, before applying for the default judgment. Statements made in the city attorney's affidavit were corroborated on essential points by the affidavit of the mayor.

This evidence amply supports the implied finding of the trial court that appellant failed to show that the default was taken against him through his mistake, inadvertence, surprise or excusable neglect, within the meaning of those terms as used in the applicable statute, section 473 of the Code of Civil Procedure. Moreover, he offered no explanation of his delay of five and one-half months, after entry of default, in filing his notice of motion to vacate. The statute, section 473, requires that the application be made "within a reasonable time, in no case exceeding six months," from the date of the judgment or order one seeks to vacate. In *Benjamin* v. *Dalmo Manufacturing Co., supra,* 31 Cal.2d 523, an unexplained delay of more than three months, and in *Kromm* v. *Kromm,* 84 Cal.App.2d 523 [191 P.2d 115], an unexplained delay of 85 days, after knowledge of entry of default, was deemed fatal to an application for relief from a default under section 473. While the record here is silent as to the date when appellant learned of the entry of his default, it was incumbent upon him, in seeking relief, to explain this time lag, if any explanation he had. Accordingly, we find no abuse of discretion upon the part of the trial court in denying appellant's motion to vacate the default decree.

In addition, even if there were a sound basis for reversing the order, such a reversal would serve no useful purpose. Neither the motion to set aside the default judgment nor this appeal from the denial of that motion is an attack upon the entry of the default. Even if the judgment were now vacated, such action would be abortive. The entry of default, from which appellant does not seek relief by this appeal, stands of record against him and entitles the city to a judgment upon its complaint. (*Howard Greer etc. Originals* v. *Capritti,* 35 Cal.2d 886, 888 [221 P.2d 937], and cases cited.)

The order appealed from is affirmed.

Peters, P. J., and Bray, J., concurred.