[Civ. No. 15696. First Dist., Div. One. Mar. 22, 1954.]

LOUIS CASTAGNOLI, Appellant, v. JOHN CASTAGNOLI et al., Respondents.

Thomas L. Bocci, Jr., and John A. Putkey for Appellant.

Antonio J. Gaudio for Respondents.

FINLEY, J. pro tem.*—This appeal is by plaintiff Louis Castagnoli from an order setting aside the default of defendant Lorraine Castagnoli and the judgment entered thereon. The other defendant, John Castagnoli, is not a

*Assigned by Chairman of Judicial Council.

party to the appeal. The only question for decision is whether the trial court had the power to set aside the default after six months from the time respondent's default was entered.

From the complaint it appears that defendants are husband and wife; that plaintiff loaned John Castagnoli $5,114.87 as a deposit on a home to be purchased by said defendant. The alleged understanding was that this sum was to be repaid in the event the home was sold, otherwise it was to be repaid upon satisfaction of a deed of trust obligation on the home owing to the Bank of America. The complaint goes on to state that after the loan was originally made defendant John Castagnoli undertook to convey this real property to the joint names of himself and his wife, Lorraine Castagnoli, who was aware of the terms of the loan and orally agreed to abide by them; that defendants sold the property and the proceeds are in the hands of a real estate broker who is holding them in escrow subject to instructions of defendants; that demand was made upon defendants to repay the loan with interest but that they have failed and refused to do so.

It appears from the briefs but not from the record that appellant is the father of respondent John Castagnoli; that the loan was made to John before his marriage to Lorraine; that during the marriage John placed title to the property in both his and his wife's name; that thereafter Lorraine filed for divorce and pursuant to an agreement between John and Lorraine the property was sold and the money placed in escrow subject to disposition upon the court's order in the divorce action which was still pending at the time this action was filed and apparently at the time judgment herein was entered.

Further, the judgment herein recited that defendant John Castagnoli appeared and filed "his Notice and Waiver of Appearance," and submitted himself to the jurisdiction of the court and stipulated that a default might be entered against him.

From the clerk's transcript it appears that the complaint was filed and summons issued on October 22, 1951. Summons was served upon respondent Lorraine Castagnoli in the city and county of San Francisco on October 26, 1951, and from the augmented record it appears that her default was entered in January, 1952. Judgment by default was made and entered on August 14, 1952, and notice of motion to set aside her default and the judgment entered thereon was filed Octo-

ber 6, 1952. On November 14, 1952, the court made its order granting the motion.

The notice of motion, so far as the same is material here, reads as follows: ''Said motion will be made upon the ground that the said default judgment was taken against said defendant, LORRAINE CASTAGNOLI, through her mistake, inadvertence, surprise, or excusable neglect, as will more particularly appear by the affidavit of her attorney, ANTONIO J. GAUDIO, served herewith, the verified answer of said defendant, copies of which are served herewith upon all of the other records and files in the action.''

It will be noted that the *only* grounds urged are those set forth in section 473 of the Code of Civil Procedure. The notice of motion was accompanied by a copy of a proposed answer which is one of the conditions precedent to the granting of relief under that section.

Respondent claims that ''though framed in the form of a motion to set aside default in the usual form, it was, necessarily, on the uncontroverted facts, addressed to the equity side of the trial court.''

With this contention, however, we cannot agree. Section 1010 of the Code of Civil Procedure provides that a notice of motion must state the grounds upon which it will be made, and this section has been construed to mean that the trial court may consider only such grounds as are specified in the motion. (*W. H. Marston Co.* v. *Kochritz,* 80 Cal.App. 352 [251 P. 959]; *Mojave etc. R.R. Co.* v. *Cuddeback,* 28 Cal. App. 439 [152 P. 943]; *Garrett* v. *Garrett,* 31 Cal.App. 173 [159 P. 1050].) Appellant's notice of motion was based only upon the grounds set forth in section 473 of the Code of Civil Procedure and we must therefore conclude that the trial court considered only those grounds and based its order thereon in setting aside the default. The judgment is not void upon its face, and, inasmuch as more than six months had expired between the date of entry of default and the filing of the notice of motion to set it aside, the court had lost jurisdiction to act under section 473 of the Code of Civil Procedure, and the order setting aside appellant's default and the judgment was void. (*Morgan* v. *Clapp,* 207 Cal. 221 [277 P. 490]; *Richert* v. *Benson Lbr. Co.,* 139 Cal.App. 671 [34 P.2d 840]; *Reeh* v. *Reeh,* 69 Cal.App.2d 200 [158 P.2d 751].) The six months' limitation period commences to run from the clerk's entry of the default and not

from the date of entry of judgment. (*Doxey* v. *Doble*, 12 Cal.App.2d 62 [54 P.2d 1143] ; *Title Ins. & Trust Co.* v. *King etc. Co.*, 162 Cal. 44 [120 P. 1066] ; *McLain* v. *Llewellyn Iron Works*, 56 Cal.App. 58 [204 P. 869].)

The order appealed from is reversed.

Peters, P. J., and Wood (Fred B.), J., concurred.