[Civ. No. 15909.   First Dist., Div. One.   May 17, 1954.]

STANLEY J. CUMBERPATCH et al., Appellants, v. RAY E. NOLAN et al., Respondents.

Lorne M. Stanley for Appellants.

Leonard A. Thomas for Respondents.

BRAY, J.—Plaintiffs appeal from judgment in their favor in the sum of $63.62.

### QUESTIONS PRESENTED

1. Effect of order setting aside default judgment against defendant Ray E. Nolan without setting aside his default.

2. Effect of the judgment against Emily M. Nolan.

### RECORD

Defendant Ray was served with summons November 16, 1951. On November 28th he obtained an order extending to December 10th his time to appear. December 27th his default was taken and judgment entered against him for, among other matters, damagès in the sum of $1,500. January 4, 1952, he filed notice of motion stating he would move "to vacate and set aside the *default judgment* . . ." (Emphasis added.) Likewise he filed a motion in which he moved the court "to vacate and set aside *the default judgment* . . ." (Emphasis added.) January 15th "Order Setting Aside and Vacating *Default Judgment*" (emphasis added) was entered, in which order the default judgment only was vacated. Defendant Ray's answer accompanying the application was ordered filed. (Defendant Emily was included in this answer.) The complaint was one for declaratory relief, involving a written agreement in which plaintiffs purchased and defendant Ray sold a certain parcel of real property for $5,250. It alleged the payment by plaintiffs into escrow of that sum and the refusal of defendants to deliver deed to plaintiffs except subject to certain restrictions which were not mentioned in the purchase agreement and which defendants had placed of record subsequently thereto. Plaintiffs asked that the rights of the parties be determined, particularly that defendants be required to convey free of restrictions, and that plaintiffs be awarded damages of $800 expended for architect's fees and $7,500 general damages. Defendants' answer admitted the refusal to deliver the deed without restrictions and alleged an oral understanding between the parties prior to the

execution of the contract to the effect that plaintiffs agreed to such restrictions. Plaintiffs gave notice that at the trial they would move to strike as sham and irrelevant the affirmative matters in the answer. The complaint did not in so many words charge bad faith upon the part of defendants. ■ However, "bad faith in a defaulting vendor in a contract to convey real property need not be specially alleged in order to make out a cause of action under the last provision of section 3306 of the Civil Code." (*Johnson* v. *Schimpf*, 197 Cal. 43, 47 [239 P. 401].)

Prior to trial the purchase price which plaintiffs had deposited in escrow was returned to them. At the beginning of the trial, after some discussion, plaintiffs abandoned their request for declaratory relief and proceeded solely on their prayer for damages. Defendants claim that in such discussion the issue of defendants' bad faith was waived. In view of the outcome of this appeal as hereinafter set forth, it becomes unnecessary to consider this claim. The only damages which the court awarded plaintiffs were interest on the purchase price while held in escrow.

### 1. *Order Vacating Default Judgment.*

Plaintiffs attack that order on many grounds. ■ One of them is decisive, namely, that defendant Ray's default has never been set aside. Therefore it is unnecessary to consider the others, for the reason that ". . . even if there were a sound basis for reversing the order, such a reversal would serve no useful purpose. Neither the motion to set aside the default judgment nor this appeal from the denial of that motion is an attack upon the entry of the default. Even if the judgment were now vacated, such action would be abortive. The entry of default, from which appellant does not seek relief by this appeal, stands of record against him and entitles the city to a judgment upon its complaint." (*City of Pacific Grove* v. *Hamilton*, 100 Cal.App.2d 508, 511 [224 P.2d 19].) " '. . . If the judgment were vacated it would be the duty of the court immediately to render another judgment of like effect, and the defendants, still being in default, could not be heard in opposition thereto . . .' " (*Howard Greer etc. Originals* v. *Capritti*, 35 Cal.2d 886, 889 [221 P.2d 937].) Thus, the judgment in favor of plaintiffs and against defendant Ray and the order setting aside the default judgment against him will have to be reversed.

This leaves to be considered only the judgment in favor of plaintiffs against Emily.

## 2. *Emily Nolan Judgment.*

■ Emily did not sign the purchase and sale agreement. The complaint states that she claimed an interest in the property, and nowhere sets forth any basis for her liability to plaintiffs in damages. The title to the property stood in both defendants' names but there is no evidence upon which to find her liable to plaintiffs. The court awarded judgment against her for $63.62. She did not appeal. Plaintiffs on their appeal contend that the court used the wrong measure of damages and ask that the case be sent back so that they might obtain more damages against her. But inasmuch as we find no evidence of any liability on her part, it is immaterial whether the court did or did not use the correct rule of measure of damages. Therefore, the judgment against her must stand.

■ The judgment against her does not carry trial costs, as the judgment is below the jurisdictional minimum of the superior court. While the action was commenced as an equitable action, it proceeded to trial solely as an action for damages. See *Himes* v. *Johnson,* 61 Cal. 259, 262: "It is true that the plaintiff prayed an injunction, but that was denied, and the action thereafter should have been treated as one for damages only. It is quite clear that a judgment for fifty dollars damages in such an action would not carry costs." See also *Brown* v. *Delavau,* 63 Cal. 303, and *McCarthy* v. *Gaston Ridge Mill etc. Co.,* 144 Cal. 542 [78 P. 7].

The judgment appealed from against defendant Ray E. Nolan and the order setting aside the default judgment are reversed. The judgment against defendant Emily M. Nolan is affirmed. Plaintiffs and appellants will recover costs.

Peters, P. J., and Wood (Fred B.), J., concurred.

A petition for a rehearing was denied June 16, 1954.