[Civ. No. 17200.   First Dist., Div. One.   Dec. 28, 1956.]

JOHN MARIA MONICA, Respondent, v. JOHN OLIVEIRA et al., Appellants.

Edward J. Kilmartin for Appellants.

Price, Macdonald & Knox and Wagener, Brailsford & Knox for Respondent.

BRAY, J.—The sole question raised by this appeal by defendants from an order denying defendants' motion to set aside default, default interlocutory decree and decree con-

firming sale, is whether the six months' period within which section 473, Code of Civil Procedure, provides that a default may be set aside, runs from the date of entry of the default, or from the subsequent date of entry of judgment.

## Record

Action in partition. Defendants were served with summons and complaint in the county of their residence, one on October 16, the other on October 27, 1953. They failed to appear and their default was entered November 12th. June 23, 1955, interlocutory decree of partition was filed. August 24th, judgment confirming sale and ordering referees to execute deed filed. November 15th (more than six months from entry of default but not from judgment confirming sale), defendants filed notice of motion to set aside the default, the interlocutory decree and the judgment. The proceeding was pursuant to section 473.*

## Time to Move

It is well settled that relief may not be granted under section 473 after the expiration of six months from the entry of the *default*. See *Solot* v. *Linch*, 46 Cal.2d 99, 105 [292 P.2d 887]; *Title Ins. etc. Co.* v. *King etc. Co.*, 162 Cal. 44 [120 P. 1066]; *Jones* v. *Evarts*, 114 Cal.App.2d 496, 498 [250 P.2d 671], and cases there cited; *Castagnoli* v. *Castagnoli*, 124 Cal.App.2d 39, 41 [268 P.2d 37]. These were all cases where, as here, it was contended that the time runs from the entry of judgment and not from the entry of default.

Defendants contend, however, that although there are no cases so holding, a different rule should apply in partition actions. They rather ingeniously refer to the language of section 473 authorizing relief to a party from a "judgment, order, or other proceeding . . ." and contend that the entry of default, the entry of the interlocutory decree and the entry of the judgment in a partition suit, are each a separate step, "judgment, order, or other proceeding" and that each may be vacated by an application for relief within six months of that particular "judgment, order, or other proceeding." The same argument could be made concerning the entry of default and the entry of judgment in any character of action, and yet as we have heretofore shown, it is well settled that unless

---

*Inasmuch as the parties assume that the denial was on the ground that the six months' period set forth in the section had expired, we will not discuss the sufficiency of the moving papers.

the default itself can be set aside, none of the proceedings thereafter may be set aside.

As we pointed out in *Cumberpatch* v. *Nolan*, 125 Cal. App.2d 205, 207 [270 P.2d 540, 271 P.2d 519], vacating the judgment (if this could be done where more than six months had expired from the entry of default), would be of no value, as it would be the duty of the court immediately to enter a judgment of like effect, and the defendants, still being in default, could not be heard in opposition thereto.

*Stonesifer* v. *Kilburn*, 94 Cal. 33 [29 P. 332], holding that a party may be relieved under section 473 from default due to failure to serve a bill of particulars in time, if application is made within six months, for the reason that the settlement of such a bill is a "proceeding" under the section, and there is no action of the court until such settlement, is no support for defendants' contention. *Pollitz* v. *Wickersham*, 150 Cal. 238 [88 P. 911], cited by defendants, held that where a proposed bill of exceptions was not served in time, the court had power under section 473 to relieve the party from such default if the motion was made within six months from the time when the objection to the late service is first made to the court by the opposing party on the theory that no "proceeding" has been taken by the adverse party until the objection is made. In *Faeh* v. *Union Oil Co.*, 107 Cal.App.2d 163 [236 P.2d 667], it was held that this case is no longer the law, and moreover, that the situation in the Pollitz case does *"not refer to the initiatory steps which vest the court with jurisdiction . . ."* (P. 169.) In *Crossman* v. *Vivienda Water Co.*, 150 Cal. 575 [89 P. 335], the court held that stockholders of a corporation that had become legally dead could move to vacate a default judgment against the corporation, where the motion was made within six months of entry of judgment but more than six months from entry of default. While the opinion stated that the motion to vacate did not come too late "even if it be assumed that the provisions of section 473 of the Code of Civil Procedure . . . are applicable to a case of this character," it is obvious that the case was decided upon the theory that the judgment was void because a legally dead corporation cannot be served with process.* If it holds that relief can

---

*See *Llewellyn Iron Wks.* v. *Abbott Kinney Co.*, 172 Cal. 210, 212 [155 P. 986], which cites the Crossman case as authority to the effect that a judgment against a corporation which has forfeited its charter is a void judgment.

be granted from a default judgment although the default cannot be set aside, then the case is contrary to the great weight of authority in California.

Order and judgment affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.