[Civ. No. 19829. First Dist., Div. Three. June 6, 1962.]

ONETA V. BEALL, Plaintiff and Appellant, v. RALPH E. MUNSON, Defendant and Appellant.

Russell P. Studebaker and Richard J. Moore for Plaintiff and Appellant.

John Waldier for Defendant and Appellant.

SALSMAN, J.—The plaintiff appeals from an order setting aside a default judgment; the defendant appeals from the judgment.

On July 13, 1959, plaintiff filed a complaint for damages charging defendant with malpractice. A copy of the summons and complaint was served upon defendant personally on July 21, 1959. Defendant made no appearance, and his default was taken October 9, 1959, more than 11 weeks after service of the summons and complaint. On August 29, 1960, more than 10 months after the entry of defendant's default, plaintiff presented her evidence to the court and on that day judgment was entered in her behalf in the sum of $12,500. On September 14, 1960, defendant moved to set aside the default judgment on the ground of his "mistake, inadvertance, [sic] surprise and excusable neglect." Defendant filed an affidavit in support of this motion. Later, on October 17, 1960, defendant filed a second motion "both in law and in equity" seeking to set aside the default judgment. The basis for defendant's second motion was that the default judgment was taken against him through his excusable neglect and "extrinsic mistake of said defendant due to his ignorance and inadvertence"

as previously set forth in defendant's affidavit in support of his first motion to set aside the default judgment.

In his affidavit, defendant admitted the service upon him of the summons and complaint but alleged he had "mistakenly assumed that he would receive some form of notice that there was to be a hearing on the merits of the action, at which time he intended to retain counsel and appear in defense of the charges made against him," and further that defendant was "not familar [*sic*] with the processes of law and did not know or realize that the plaintiff would and could proceed to obtain judgment against him without further notice."

On October 25, 1960, the court, by its minute order, granted defendant's motion to set aside the judgment, and two days later signed a formal order setting aside the judgment on the ground of "mistake or excusable neglect" of the defendant.

We consider first plaintiff's appeal from the order setting aside the default judgment. Defendant's first motion was made under Code of Civil Procedure section 473 but relief under this provision of the law was not available to him because more than six months had elapsed from the date of the entry of defendant's default to the time of his motion to set aside the default judgment. (*Monica* v. *Oliveira,* 147 Cal.App.2d 275 at 276 [305 P.2d 169]; *Solot* v. *Linch,* 46 Cal.2d 99 [292 P.2d 887]; *Title Insurance etc. Co.* v. *King etc. Co.,* 162 Cal. 44 [120 P. 1066]; *Jones* v. *Evarts,* 114 Cal. App.2d 496 [250 P.2d 671]; *Castagnoli* v. *Castagnoli,* 124 Cal. App.2d 39-41 [268 P.2d 37].) Defendant's second motion, therefore, was addressed to the general equity powers of the court and sought relief from the judgment for the reasons set forth in his affidavit in support of the motion.

Plaintiff first contends that defendant's motion and the court's order pursuant thereto were ineffective because the motion and the order made reference only to the default judgment and did not purport to vacate the defendant's default. (*Monica* v. *Oliveira, supra,* 147 Cal.App.2d 275; *Cumberpatch* v. *Nolan,* 125 Cal.App.2d 205 [270 P.2d 540, 271 P.2d 519].) However, plaintiff filed an affidavit in opposition to defendant's first motion in which she asserted that defendant's default had been entered more than 6 months before the filing of the motion to set the default judgment aside and urged that the court, for this reason, could not grant relief under Code of Civil Procedure section 473. In plaintiff's points and authorities reference was also made to

the fact that defendant's default was of record for more than six months before the entry of the judgment. Moreover, when defendant filed his motion, he attached to it his proposed answer to the plaintiff's complaint and requested the court's permission to file this pleading. The defendant's answer could not have been effectively filed while his default was still of record. Thus the court's attention was directed to the existence of the defendant's default as well as the default judgment and we think the court intended by its order to vacate the default as well as the judgment, for if only the judgment is set aside leaving the default still of record, it would be the duty of the court to enter another judgment on plaintiff's application. (*Howard Greer etc. Originals* v. *Capritti*, 35 Cal.2d 886-889 [221 P.2d 937]; *City of Pacific Grove* v. *Hamilton*, 100 Cal.App.2d 508-511 [224 P.2d 19]; *Cumberpatch* v. *Nolan, supra.*) If there is doubt or ambiguity in the order, it should be treated here as one setting aside both the default and the judgment, for otherwise the defendant's motion and the court's order would be but an idle act and an empty gesture. (See *Luz* v. *Lopes*, 55 Cal.2d 54-61 [10 Cal. Rptr. 161, 358 P.2d 289].)

Defendant's affidavit previously quoted shows that extrinsic mistake was the basis upon which he sought equitable relief. The burden of proving extrinsic mistake rests upon the defendant. (*Caton* v. *Caton*, 131 Cal.App.2d 451-458 [280 P.2d 876].) If the facts stated in defendant's affidavit are insufficient and do not constitute a valid ground for relief, the order setting aside the judgment will be reversed. (*Benjamin* v. *Dalmo Mfg. Co.*, 31 Cal.2d 523 [190 P.2d 593]; *Yarbrough* v. *Yarbrough*, 144 Cal.App.2d 610 [301 P.2d 426].)

Although many of the cases cited by counsel in their briefs deal with extrinsic fraud in their fact situations, the rule is the same whether fraud or mistake is involved. Fraud or mistake is extrinsic when it deprives the defaulting party of the opportunity to present his case to the court. (*Westphal* v. *Westphal*, 20 Cal.2d 393 [126 P.2d 105]; *Caldwell* v. *Taylor*, 218 Cal. 471 [23 P.2d 758, 88 A.L.R. 1194]; *Tracy* v. *Muir*, 151 Cal. 363 [90 P. 832, 121 Am.St.Rep. 117].) The defendant's affidavit, which is all that was before the court in support of his motion, alleges only that after service of summons upon him, he "mistakenly assumed he would receive some form of notice that there was to be a hearing on the merits of the action . . ." and that he "did not know or

realize that the plaintiff would and could proceed to obtain judgment against him without further notice.'' This is insufficient to support the court's order setting aside the judgment. It does not show or tend to show that the defendant was in any way prevented or deprived of the opportunity to present his defense to the court. On the contrary, the express wording of the summons warned defendant that if he did not appear, a judgment could be taken against him for money damages. Defendant's affidavit shows only negligence on his part and a failure to take reasonable and ordinary care for his own protection against the very judgment about which the summons cautioned him. ■■ It is the duty of every defendant who desires to resist a plaintiff's action to take timely and adequate steps to avoid an undesirable judgment. He must exercise the same degree of diligence as a man of ordinary prudence usually bestows upon his important business affairs (*Luz* v. *Lopes, supra,* 55 Cal.2d 54; *Elms* v. *Elms,* 72 Cal.App. 2d 508-513 [164 P.2d 936]). ■■ In *Gillingham* v. *Lawrence,* 11 Cal.App. 231, 233-234 [104 P. 584], the court stated: ''The defendant could read, and the summons expressly told him the time within which he must appear and answer. He let the time pass, and never even consulted an attorney. He was guilty of such carelessness and lack of diligence as could not be imputed to a prudent business man in a matter of material concern to himself. While courts are liberal in relieving parties of defaults caused by inadvertence or excusable neglect, and while they much prefer that a case should be heard on its merits, yet they do not act as guardians for incompetent parties or parties who are grossly careless as to their own affairs. There must be rules and regulations by which rights are determined and under which judgments become final. If this court should determine that the defendant, as matter of law, was entitled to relief in this case, there could scarcely be a default judgment that would not have to be set aside, . . .'' (See also *Hughes* v. *Wright,* 64 Cal.App.2d 897-903 [149 P.2d 392]; *Shearman* v. *Jorgensen,* 106 Cal. 483-485 [39 P. 863]; *Wheat* v. *McNeill,* 111 Cal.App. 72, 77 [295 P. 102]; *Gilio* v. *Campbell,* 114 Cal.App.2d Supp. 853 [250 P.2d 373]; *Wattson* v. *Dillon,* 6 Cal.2d 33 [56 P.2d 220].)

■■ There has here been no sufficient showing of any extrinsic mistake on the part of the defendant and the court's order setting aside the default judgment cannot be sustained.

There is little merit in defendant's cross-appeal from the judgment. The appeal is based upon a claimed insufficiency

of the evidence to support the judgment. In considering this ground of appeal, our power begins and ends with a determination as to whether there is any substantial evidence which will support the judgment. (*Crawford* v. *Southern Pac. Co.,* 3 Cal.2d 427-429 [45 P.2d 183]; *Estate of Arstein,* 56 Cal.2d 239 [14 Cal.Rptr. 809, 364 P.2d 33].) ▮ The defendant by his default has admitted all facts well pleaded in the complaint. (*Brown* v. *Brown,* 170 Cal. 1-5 [147 P. 1168].) The issue of liability is thus foreclosed and defendant is in no position to object to a judgment awarding plaintiff any damages which her evidence will support. ▮ Plaintiff's testimony established that she was a nurse earning approximately $500 per month; that by reason of defendant's negligence, she was unable to work for about 8 months; that her hospital bills amounted to $514.05 which she paid. Plaintiff also testified to permanent injuries. The record thus contains substantial evidence to support the judgment of the trial court.

The order setting aside the default judgment is reversed and the judgment is affirmed.

Draper, P. J., and Devine, J., concurred.