Filed 11/12/21  Squar Milner v. LeClerc CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| SQUAR MILNER LLP,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>FRANCK LeCLERC et al.,<br><br>        Defendants and Appellants. | A161500<br><br>(San Francisco City & County Super. Ct. No. CGC-19-573018) |

Defendants appeal from a judgment after the trial court denied their motion to vacate entry of default against them.  They contend the trial court abused its discretion in refusing to grant the motion.  We affirm.

## I.  BACKGROUND

Defendants Franck LeClerc, Cafe Claude Restaurant, Inc., and six other subchapter S corporations formed by LeClerc hired plaintiff Squar Milner LLP to provide them with tax preparation, consulting, and accounting services.  Defendants failed to pay for the services rendered.  On January 22, 2019, plaintiff filed suit against defendants, alleging causes of action for breach of contract (written and oral), quantum meruit, and common counts of open book account and account stated.

Plaintiff served the summons on the corporate entity defendants on February 4, 2019 and on LeClerc as an individual on March 11, 2019.  On March 6, counsel for plaintiff sent a letter to LeClerc stating that none of the

defendants had answered the complaint within 30 days as required.  The letter requested defendants inform plaintiff's counsel by March 20 whether they intended to answer, or plaintiff would file a request for entry of default.  Defendants did not respond to the letter.

On April 2, default was entered with respect to the corporations, and, on May 6, default was entered as to LeClerc as an individual.  All parties were served with notice of entry of default.  On May 14, counsel for defendants reached plaintiff's counsel by telephone and offered to settle or she would file a motion to set aside default.

On May 30, defendants moved to set aside the default.  In his declaration filed in support of the motion, LeClerc stated that when he was served with the "legal papers in this matter," among the items he received was a document "labeled NOTICE TO PLAINTIFF that had a hearing date of June 26, 2019 at 10:30 a.m. in Dept. 610."  LeClerc stated he is a "non-lawyer" and he believed that was the day he had to appear in court.  He put the matter on his calendar and was waiting for the hearing date when he received a request to enter default which he did not understand.  LeClerc "immediately sought the services of an attorney to explain" the notice to him.  The attorney explained to LeClerc he "was to have filed a response to the lawsuit within 30 days after receiving the papers" and that until then he "had no idea" that he was required to file a response with the court before June 26.  LeClerc further stated he would be "severely prejudiced if [he were] not allowed to respond and defend the lawsuit."

On June 12, plaintiff filed an opposition to the motion, and on June 19, defendants filed a reply, apparently accompanied by a second declaration

2

from LeClerc.[1]  In his second declaration, LeClerc denied that he had received a letter from plaintiff's counsel on March 6, 2019, and stated he did not know of its existence until his attorney forwarded a copy of the letter.  LeClerc stated if he had received such a letter, he would not have understood the "legalese," would have gone into a state of anxiety, and would have immediately contacted an attorney for advice.  The next day, June 20, plaintiff filed evidentiary objections to LeClerc's second declaration, arguing there could not be a reasonable dispute that he received the March 6 letter because the "Return Receipt evidences Mr. LeClerc's signature, which perfectly matches the signature on the Declaration of Frank LeClerc Denying Receipt of Letter Dated March 6, 2019."  The next day, LeClerc filed a third declaration, admitting his signature appeared on the return receipt.  He stated, however, that he "had never seen the letter" before his attorney forwarded it to him, and that he "must have placed it down without ever opening it and it has been lost or destroyed."  He reasserted that if he had opened and read it, he would have gone into a state of anxiety and contacted an attorney.

On June 25, 2019, the trial court denied defendants' motion to set aside entry of default.

Following a prove-up hearing, the trial court entered default judgment against defendants on August 4, 2020, in the amount of $82,217.84. Defendants timely appealed.

---

[1] Defendants did not include the declaration in the clerk's transcript, but the register of actions reflects that it was filed with the reply brief. Plaintiff included quotes from the second LeClerc declaration in their evidentiary objections, which defendants do not dispute are accurate.

## II. DISCUSSION

Defendants seek reversal of the judgment and an opportunity to answer the complaint. They argue they promptly filed the motion to set aside entry of default, plaintiff was not prejudiced by the delay, and the law favors decisions on the merits.[2]

A party may move to set aside a default taken through mistake, inadvertence, surprise, or excusable neglect. (Code Civ. Proc., § 473, subd. (b).) We review a trial court's decision to deny a motion for relief from default for abuse of discretion. (*Elston v. City of Turlock* (1985) 38 Cal.3d 227, 232–233 (*Elston*), superseded by statute on other grounds as stated in *Tackett v. City of Huntington Beach* (1994) 22 Cal.App.4th 60, 64.) The trial court abuses its discretion if its decision exceeds the bounds of reason. (*State Farm Fire & Casualty Co. v. Pietak* (2001) 90 Cal.App.4th 600, 610.)

Excusable neglect is neglect which must have been the act of a reasonably prudent person under the same circumstances. (*Elms v. Elms* (1946) 72 Cal.App.2d 508, 513 (*Elms*); *Jackson v. Bank of America* (1983) 141 Cal.App.3d 55, 58.) What qualifies as excusable neglect depends on the facts of each case. (*Pearson v. Continental Airlines* (1970) 11 Cal.App.3d 613, 617.) The party seeking relief from default must prove excusable neglect by a preponderance of the evidence. (*Iott v. Franklin* (1988) 206 Cal.App.3d 521, 528.)

Here, defendants failed to show their neglect was excusable. It is undisputed defendants were served with the summons and complaint. LeClerc admitted he received the March 6, 2019 letter from plaintiff's counsel

---

[2] Plaintiff points to several procedural deficiencies in defendants' opening brief and the record. Though we acknowledge procedural defects exist, we will decide the case on the merits.

4

notifying him that plaintiff would seek entry of default unless he responded to the complaint. Although he stated in his declaration that he thought the date for the case management conference was the date he had to appear in court and he did not realize he had to respond to the complaint before then, he does not explain why he failed to read the summons or read or respond to counsel's March 6 letter.[3] We find no abuse of discretion in the trial court's determination that these actions were not those of a "reasonably prudent person." (See, e.g., *Davis v. Thayer* (1980) 113 Cal.App.3d 892, 906 [a party who fails to read a complaint is grossly negligent; a party who reads a complaint and disregards its allegations is careless and indifferent: in either case the neglect is inexcusable]; *Stiles v. Wallis* (1983) 147 Cal.App.3d 1143, 1148–1149 [defendant failed to show excusable neglect where the notice on the face of the summons "was calculated to inform anyone capable of reading English . . . of the necessity of filing an answer with the court"]; *Beall v. Munson* (1962) 204 Cal.App.2d 396, 398–400 [no excusable neglect where defendant was served with summons but was unfamiliar with processes of law and did not realize his default would be entered if he did nothing].)

We acknowledge the guidance in our case law that orders denying relief from default are subject to careful scrutiny, and that where a party moves promptly for relief and the opposing party will not be prejudiced " 'very slight evidence' " will be required to set aside the default. (*Elston, supra*, 38 Cal.3d at p. 233.) We also recognize that the law favors deciding cases on the

---

[3] Indeed, his appellate brief notes he "misread the documents and *negligently* focused" on the case management statement. (Italics added.) (See *Elms, supra*, 72 Cal.App.2d at p. 513 ["The only occasion for the application of [Code of Civil Procedure] section 473 is where a party is unexpectedly placed in a situation to his injury without fault or negligence of his own and against which ordinary prudence could not have guarded."].)

merits, and any doubts must be resolved in favor of the party seeking relief from the default. (*Ibid.*) On this record, however, defendants have failed to demonstrate their neglect was excusable. (*Schwab v. Southern California Gas Co.* (2004) 114 Cal.App.4th 1308, 1319 [court has no discretion to grant relief unless moving party establishes default was taken through mistake, inadvertence, surprise, or excusable neglect], disapproved on other grounds in *Sass v. Cohen* (2020) 10 Cal.5th 861, 887, fn. 12; *Stafford v. Mach* (1998) 64 Cal.App.4th 1174, 1187 ["A court cannot set aside a default or default judgment simply because the opposing party has not been prejudiced."]; *Carroll v. Abbott Laboratories, Inc.* (1982) 32 Cal.3d 892, 900 ["We have . . . found no case which permits the setting aside of a judgment in spite of inexcusable neglect, simply because the other side has not been prejudiced."].)

Defendants rely on *Elston*, *supra*, 38 Cal.3d 227 to argue the trial court should have granted their motion. In *Elston*, the court addressed whether an attorney's failure to respond to the defendant's request for admissions was excusable neglect. The attorney's affidavit stated two attorneys had recently left the firm, he was extensively involved in other business and litigation matters at the time, his office was understaffed at the time the request for admissions were received, and the request for admissions was misplaced. (*Id.* at p. 234.) The court granted relief from default, explaining, "Where an attorney states that he was unaware of his duty to appear or answer because his employees misplaced papers or misinformed him as to the relevant date, relief is routinely granted." (*Ibid.*)

*Elston* is inapposite. There, the attorney explained he did not respond to the request for admissions because his staff had misplaced them. Moreover, he did not just fail to respond, he was *unaware* of the existence of

6

the discovery.  (*Elston*, *supra*, 38 Cal.3d at p. 234.)  Here, it is undisputed defendants were served with the summons and complaint, received a letter from plaintiff's counsel warning of the impending default, and failed to provide any excuse for not reading the summons and responding or providing it to corporate counsel.

We conclude the trial court did not abuse its discretion in denying the motion for relief from default.

### III.  DISPOSITION

The judgment is affirmed.  Plaintiff shall recover its costs on appeal.

MARGULIES, J.

WE CONCUR:

HUMES, P. J.

SANCHEZ, J.

A151500
*Squar Milner LLP v. LeClerc*

8