[Civ. No. 20835.   First Dist., Div. Two.   May 16, 1963.]

LEWIS J. DWAN, as Administrator, etc., et al., Plaintiffs and Appellants, v. FRANK A. DIXON et al., Defendants and Respondents.

Morgan, Beauzay & Holmes, Robert Morgan and Arthur Wells, Jr. for Plaintiffs and Appellants.

Crist, Peters, Donegan & Brenner and John M. Brenner for Defendants and Respondents.

SHOEMAKER, J.—This is an appeal by plaintiff Lewis J. Dwan, as administrator of the estate of Gerald Joseph Loftus, and as guardian *ad litem* for Scott and Bard Loftus, from a judgment of dismissal entered upon the sustaining without leave to amend of the defendants Dixons' general demurrer to his amended complaint for wrongful death and personal injuries.

The action is grounded on an automobile accident that occurred November 1, 1959. Scott Loftus and his parents were riding in a car which collided with a car driven by defendant Froberg, with the result that the parents were killed and Scott seriously injured. The original pleading averred that Froberg was driving while drunk and the defendants Dixon were charged by the allegations of paragraph II with liability in that they had "procured the intoxication of William Froberg and knowingly permitted him to drive knowing him to be an incompetent, intoxicated driver," and by paragraph III thereof that Froberg was the agent, servant and employee of

these defendants and was acting within the scope of his employment at the time of the accident.

On November 20, 1961, 21 months after commencement of the action and two years after the accident, defendants Frank and Marie Dixon submitted written interrogatories requesting that plaintiffs divulge each and every fact upon which the allegations of paragraphs II and III of the complaint were based. On December 7, 1961, plaintiffs replied to these interrogatories, admitting that no facts had yet appeared which indicated the existence of an employer-employee relationship between defendants Dixon and Froberg. In regard to the allegations of paragraph II, plaintiffs stated that the testimony introduced at Froberg's criminal trial was to the effect that defendants Dixon had actively participated in the procuring of alcoholic beverages despite the fact that they knew Froberg had arrived at their home by means of driving an automobile, and further knew from past association with Froberg that he was inclined to drink heavily and be strongly influenced by alcohol, although such influence might not be revealed by his demeanor. Plaintiffs also stated that the testimony at the criminal trial revealed that Froberg's blood contained .22 per cent alcohol immediately after the collision and that he had consumed no additional alcoholic beverages after leaving the Dixon home.

On December 29, 1961, defendants Dixon demurred generally to the original complaint. On the same day, these defendants also filed a motion to strike paragraph II and III of the complaint on the grounds that the allegations of the former paragraph were sham and irrelevant, and the allegations of the latter were sham and without foundation in fact.

On April 3, 1962, plaintiffs filed a memorandum in opposition to the demurrer and to the motion to strike. Plaintiffs therein stated that pretrial discovery measures (which included the taking of the Dixon's depositions) had failed to establish the existence of any employer-employee relationship between defendants Dixon and Froberg, and that plaintiffs therefore did not resist the motion to strike paragraph III. In regard to paragraph II, plaintiffs denied that the allegations therein set forth were sham, irrelevant, or subject to general demurrer. Plaintiffs' memorandum was supported by the affidavit of their attorney, Robert Morgan, to the effect that the allegations of paragraph II were founded upon sworn testimony given in the case of *People* v. *Froberg* (No. 35676 in the files of the Superior Court of Santa Clara County). This

testimony, which is set forth at length in the affidavit, may be summarized as follows: Defendant Froberg commenced drinking sometime during the afternoon of October 31, 1959, and continued to consume alcoholic beverages until 7 a.m. on the morning of November 1, 1959, at which time he went to bed and slept for approximately four hours. He then arose and drove to the home of friends, where he drank one beer. Froberg and his three companions then decided that they would go for a drive. Froberg took the wheel of the car and drove from San Francisco toward Los Gatos, stopping once for a hamburger and a beer. At the Los Gatos sign, a member of the party stated that Frank and Marie Dixon lived there, and suggested that they pay them a visit. Froberg then drove to the Dixon home, arriving there at 4 or 4:30 in the afternoon. Frank Dixon, although aware that Froberg had been driving, and that his demeanor did not always reveal his state of intoxication, then went to a nearby liquor store and purchased a pint of whiskey and two six-packs of beer. He served Froberg a mixed drink and possibly also a beer. In addition, one of Froberg's companions offered him a straight shot of whiskey, which he drank. Froberg and his party subsequently returned to their car, and Froberg again took the wheel. He then asked Frank Dixon for directions to the Bayshore Highway. Upon receiving these directions, he drove off and thereafter collided with the Loftus car. Although Froberg consumed no further alcoholic beverages after leaving the Dixon home, his blood alcohol content was .22 per cent shortly after the accident.

On April 10, 1962, the court entered its order striking paragraph III pursuant to stipulation of the parties. The court denied the motion to strike paragraph II, but sustained the demurrer with leave to amend.

On April 11, 1962, plaintiffs filed an amended complaint containing allegations to the effect that defendants Dixon had procured the intoxication of Froberg, and then, knowing him to be intoxicated, had ''conducted'' him to his car, put him into the car and headed him for the highway, and ''assisted,'' ''aided and abetted'' him in driving his car away from the premises.

There are two issues raised by this appeal: (1) whether the amended complaint is sufficient on its face to state a cause of action against respondents Dixon, and (2) whether the trial court, in ruling upon the demurrer, was confined to the face of the complaint or was entitled to consider also the answers

which appellants gave to respondents' interrogatories and the affidavit of appellants' attorney.

Turning first to the pleadings themselves, it may be noted that the sole difference between the original complaint and the amended complaint consists in the addition of allegations to the effect that respondents took an active part in "putting" Froberg in his car, "heading him for the highway," and "aiding" and "assisting" him in driving. In the original complaint, appellants alleged only that respondents procured Froberg's intoxication and knowingly "permitted" him to drive. In amending their pleading so as to allege a more active course of conduct on the part of respondents, appellants were obviously attempting to avoid the rule of *Fleckner* v. *Dionne* (1949) 94 Cal.App.2d 246 [210 P.2d 530], and *Cole* v. *Rush* (1955) 45 Cal.2d 345 [289 P.2d 450, 54 A.L.R.2d 1137].

These authorities set forth the rule that the mere furnishing of alcoholic beverages, even to a person who is known to be intoxicated and is further known to be the driver of a motor vehicle, gives rise to no tort liability under California law. Appellants contend, however, that their amended complaint is not subject to the rule of the *Fleckner* and *Cole* cases because it contains allegations to the effect that respondents actually placed Froberg in his car, headed him for the highway, and aided and assisted him in driving. These allegations, according to appellants, reveal that respondents were not mere passive suppliers of alcoholic beverages but were active tortfeasors who put a "drunken and stupefied person" behind the wheel of his car and headed him down the highway toward "inevitable injury and death." Appellants assert that such a course of conduct must clearly be deemed the proximate cause of the injuries which subsequently resulted.

Respondents, on the other hand, contend that such a state of facts is utterly inconsistent with the statements contained in the sworn affidavit of appellants' attorney and with the answers which appellants gave to respondents' interrogatories. Respondents urge that to permit appellants to make allegations which are directly contradictory to the facts within their own knowledge is to defeat the rule of truthful pleading. Respondents point out that appellants voluntarily filed a sworn affidavit in opposition to the demurrer. This affidavit established that respondents did not "put" Froberg in his car or "aid and assist" him in driving, but merely supplied him with alcoholic beverages, gave him directions to the high-

way, and permitted him to depart in his car. Respondents contend that the broad allegations of the amended complaint must be construed in a manner consistent with the affidavit and that, when so construed, the complaint falls squarely within the rule of the *Fleckner* and *Cole* cases. This contention must be sustained.

The rule is well established that a complaint good on its face is nevertheless subject to demurrer when facts judicially noticed render it defective ▌ In 2 Witkin, California Procedure, Pleading, section 208, page 1185, the author states: ''The theory is that the pleader should not be allowed to bypass a demurrer by suppressing facts which the court will judicially notice. The principle is that of *truthful pleading*, and is applied for the same reason as in the similar situation of pleaded exhibits which contradict allegations.'' In the instant case, appellants' affidavit was a part of the records before the trial court. ▌ It is settled that a court may take judicial notice of the contents of its own records. (*Muller* v. *Reagh* (1959) 173 Cal.App.2d 1, 4 [343 P.2d 135]; *Pike* v. *Archibald* (1953) 118 Cal.App.2d 114, 116-117 [257 P.2d 480].) In *Watson* v. *Los Altos School Dist.* (1957) 149 Cal. App.2d 768 [308 P.2d 872], the court upheld the sustaining of a demurrer to the complaint by taking judicial notice of documents which were part of the record on a prior appeal. In so holding, the court stated, ''It would be a travesty on justice were we required to send the case back for a trial that we know would end in but one way . . . No such ridiculous result is necessary.'' (P. 771.)

In the present case, appellants' own affidavit reveals that respondents were guilty of no tortious conduct.

Judgment affirmed.

Kaufman, P. J., and Agee, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied July 10, 1963.