Louis M. MURRAY et al., Appellants,

v.

UNITED STATES of America,
Appellee.

No. 21255.

United States Court of Appeals
Ninth Circuit.

Aug. 1, 1967.

James G. Butler, James M. Jefferson, Jr., Los Angeles, Cal., Rutan & Tucker, Santa Ana, Cal., for appellants.

William M. Byrne, Jr., U. S. Atty., Richard A. Curnutt, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before BROWNING and ELY, Circuit Judges, and SMITH, District Judge.

ELY, Circuit Judge:

On March 1, 1965, at Seal Beach, California, a ship's party was conducted for the crew of appellee's vessel, the U.S.S. Colohan. A member of the crew, one Allen, became intoxicated at the party. Later that evening he drove an automobile and collided with another vehicle, killing its driver, appellants' decedent. The appellants, plaintiffs below, filed this action for damages for alleged wrongful death, proceeding under the provisions of the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 1402, 2671–2680. They alleged that employees of the United States, acting within the scope of their employment, negligently served alcoholic beverages to Allen when he was obviously intoxicated, when they knew he had an automobile nearby and would thereafter drive it, and when they knew or should have known that his driving in an intoxicated condition would likely result in harm to others using the highway.[1] It was further alleged that the negligence of the Government's agents was a proximate

---

1. For the purpose of this opinion, we accept the allegations as true. We intend no insinuation as to whether or not they are in fact valid, either factually or legally.

cause of the decedent's death. There is no claim that Allen, at the time of the fatal accident, was acting within the scope of his authority as an agent of the Government. Put simply, appellants sought to impose so-called "dram shop liability" upon the Government. The district judge granted the Government's motion to dismiss the action with prejudice. The basis of the order was the court's determination that the complaint failed to state a valid claim for relief. Appellants invoke the jurisdiction conferred upon us by 28 U.S.C. § 1291.

██ The parties concede that California law is controlling. California courts have consistently held that a seller of alcoholic beverages is not liable in tort for injuries or death caused by the intoxication of a person to whom he sells such beverages. Cole v. Rush, 45 Cal.2d 345, 289 P.2d 450, 54 A.L.R.2d 1137 (1955); Dwan v. Dickson, 216 Cal. App.2d 260, 30 Cal.Rptr. 749 (1963); Thomas v. Bruza, 151 Cal.App.2d 150, 311 P.2d 128 (1957); Fleckner v. Dionne, 94 Cal.App.2d 246, 210 P.2d 530 (1949); Hitson v. Dwyer, 61 Cal.App.2d 803, 143 P.2d 952 (1943). Appellants recognize the general California rule, but they contend that it is inapplicable when a defendant seller is alleged to have known at the time of the sale that the purchaser of liquor was already intoxicated. This contention is without merit, having been rejected by California's intermediate appellate court in Dwan v. Dickson, supra. " * * * [T]he mere furnishing of alcoholic beverages, even to a person who is known to be intoxicated, and is further known to be the driver of a motor vehicle, gives rise to no tort liability under California law." 216 Cal.App.2d at 264, 30 Cal.Rptr. at 751. This decision binds us, in the absence of a contrary ruling by the Supreme Court of California. Werner v. Hearst Publishing Co., 297 F.2d 145, 148 (9th Cir. 1961).

Since the applicable law is clearly established, we do not agree with appellants' contention that we should anticipate, even had we the power and prophetic ability to do so, that California may alter its existing rule at some future time.

Affirmed.