[Civ. No. 31958.   Second Dist., Div. One.   Dec. 7, 1967.]

B. RENAULT ABLE, Plaintiff and Appellant, v. CASS VAN DER ZEE, Defendant and Respondent.

Little, Ross & Pierson and Edward M. Ross for Plaintiff and Appellant.

Wells & Herring and William G. Wells for Defendant and Respondent.

FOURT, J.—Doctor B. Renault Able appeals from the order of the superior court sustaining without leave to amend the general demurrer of Zee Construction and dismissing Able's action.[1]

Able's complaint alleges that he employed Cass Van Der

---

[1]The court took these matters under submission on December 2, 1966, and by minute order of December 15 entered its rulings. Copies of this order were mailed to both counsel and defense counsel was requested to prepare formal orders. On December 28, 1966, the court signed and filed separate orders (1) dissolving the temporary restraining order and denying the preliminary injunction, and (2) sustaining the demurrer and dismissing the action.

Appellant in his notice of appeal improperly specifies that he is appeal-

Zee, doing business as Zee Construction (hereinafter some-
times referred to as Zee), to construct certain improvements
on real property owned by Able. A dispute arose between the
parties concerning the work and payment therefor, and on
November 5, 1964, Zee filed an action in municipal court to
foreclose a mechanic's lien on the property. Able employed
the services of attorney Richard Crail, who negotiated with
Zee's attorney but filed no answer and made no appearance in
the municipal court action. On December 14, 1965, Zee filed a
"Request for Entry of Default" and on July 6, 1966, he
obtained a $4,165.18 judgment and decree of foreclosure and
sale.

Meanwhile, Able obtained his file from Crail and in April
1966 he contacted his present counsel, David Pierson, regard-
ing the matter. Pierson filed no answer but thereafter con-
tacted and pursued negotiations with Zee's attorney in ignor-
ance that a default had been requested. Neither Able nor
Pierson received notice when judgment was subsequently
entered, but on or about October 1, 1966, Able was served with
a notice of sale on a writ of enforcement issued September 22,
1966.

Pierson thereafter filed an action in municipal court to set
aside the judgment under Code of Civil Procedure, section
473. The matter was heard on October 28, 1966, but the
request was denied because more than six months had elapsed
since the default had been entered. (*Castagnoli* v. *Castagnoli*,
124 Cal.App.2d 39, 41-42 [268 P.2d 37].)

Pierson thereupon filed in the superior court this action in
equity to set aside the judgment on the basis of extrinsic
mistake alleging, on information and belief, that Richard
Crail believed that he had an extention of time in which to
answer the complaint in municipal court, and that Pierson
received no notice that Zee had obtained a judgment by
default. He further alleges that Able has a meritorious
defense to Zee's claim based upon (a) an offset for Zee's
negligence in performing the work of construction which
damaged Able in the amount of $1,500 and (b) a credit
against the judgment of an additional $1,000 which Able paid

ing from the court's order of December 15, 1966, and "from each and
every part thereof." He does not appeal from either of the court's final
orders. We have exercised our discretion pursuant to rule 2(c), California
Rules of Court, to consider the document on file, in accordance with the
briefs submitted to this court, as a premature notice of appeal from the
trial court's order of December 28, 1966, sustaining the demurrer and
dismissing the action.

to Zee. Finally, the complaint alleges that the foreclosure sale will cause Able irreparable harm for which his remedy at law is inadequate.

At the time he filed the complaint, Able also requested and obtained, upon the declaration of Pierson, a temporary restraining order to prevent foreclosure upon his real property. Pierson stated in support of the restraining order that he believed that he had an open extension of time within which to plead, that he was advised at a meeting with Zee's attorneys and members of the State Contractors' Licensing Board that no action would be taken until a hearing had been held before the board, that no such hearing has as yet been held or definitely scheduled, and that he had no notice of the default until on or about October 1, 1966.

Within 10 days from the date upon which Able's complaint was filed, Zee's attorneys served Able with a request for admissions pursuant to Code of Civil Procedure, section 2033. Attached thereto were copies of three letters which they had addressed to Able's former attorney, Richard Crail, and which were dated, respectively, December 15, 1964; March 15, 1965; and November 29, 1965. In each letter Crail was courteously advised that if he did not promptly appear in the action they would request a default. Able was requested to admit or deny (1) the genuineness of the documents; (2) Richard Crail's receipt of the letters; (3) that Able had held the letters in his own possession from about December 1, 1965, until April 1, 1966; (4) that his present attorney had subsequently taken possession of the letters; and (5) that he had in his possession no documentary statement from Zee or his attorneys granting an extension of time to plead. ▮ These requests for admissions were never answered, and may be deemed admitted. (Code Civ. Proc., § 2033.)

Zee filed no answer, but on November 17, 1966, he submitted a general demurrer based in part upon the fact that, receipt and possession of the several notice letters having been acknowledged, Able could show no justifiable excuse either for his own neglect or that of his attorneys. Hearings on both Able's request for temporary injunction and Zee's demurrer were combined for hearing on December 2, 1966. On that date, Able filed the additional declaration of Richard L. Crail in support of the injunction, and William G. Wells, Zee's attorney, filed his own declaration in opposition thereto. The matters were submitted; Able received additional time to file points and authorities concerning the court's jurisdiction,

and Zee was given the opportunity to file further counter points and authorities. On December 6, 1966, Wells filed the declaration of his secretary, Barbara E. Dailey, and the parties subsequently presented their additional points and authorities.

The declarations filed in this action relate directly to the merits of the case. Crail's declaration relates that between November 8, 1964, and December 15, 1965, he was negotiating with Zee's counsel, especially concerning lie detector tests which the parties had agreed to take on the issue of payment and receipt of the disputed $1,000; that he telephoned Wells on November 29, 1965, but Wells was unavailable and he was assured by Wells' secretary that she would transmit his message requesting that no default be taken pending Wells' arrangements for the lie detector tests and further efforts toward settlement; that thereafter he frequently called to ascertain whether Wells had arranged for the tests, but could never reach Wells, who failed to return the calls; that after he returned the file to Able he had no further communication from Able or his counsel relating to the matter until October 26, 1966.

The declarations of Wells and his secretary in opposition state that Wells never agreed or stipulated to extend time for Able to answer, nor did he enter negotiations for settlement. Although the parties discussed polygraph tests, Able repudiated their agreement to undergo the tests. Wells frequently notified Crail and his office, by telephone and letter, that he should appear or a default would be taken. Wells had only one secretary and she worked in his office throughout November and December 1965. She examined the telephone records and she had no recollection and found no record of a call from Crail or anyone acting on his behalf during those months.

Able's points and authorities demonstrated the jurisdiction of the superior court to set aside a default judgment taken in a municipal court action on equitable grounds (*Hallett* v. *Slaughter*, 22 Cal.2d 552, 557 [140 P.2d 3]). The court thereupon assumed jurisdiction of the cause, considered Zee's supplemental points and authorities in which it was pointed out that two years had elapsed since service of summons and complaint in the municipal court action and that neither Able nor either of his counsel had bothered to ascertain the status of the case by so much as a telephone call to the court, and on December 15, entered its ruling on the submitted matters.

This ruling dissolved the ex parte restraining order and denied the temporary injunction, sustained the general demurrer without leave to amend, and denied equitable relief on the following findings: "The Court finds that the defendant in this action commenced the action in Municipal Court Nov. 5, 1964, and served process upon the plaintiff in this action. Defendant thereafter made numerous timely request [sic] upon the plaintiff to respond to the complaint in the Municipal Court action or a default would be entered. The plaintiff however took no action until October, 1966, one year and eleven months after the filing of the complaint in the Municipal Court action."

■ Appellant contends that the trial court erred in sustaining the general demurrer and abused its discretion in doing so without leave to amend. We find herein neither prejudicial error nor abuse of discretion.

Copies of the minute order in which the court made its rulings on the demurrer and temporary injunction were mailed to respective counsel. The defendant's counsel was directed therein to prepare the judgment of dismissal. The court's formal orders and judgment of dismissal were not signed and filed until December 28, 1966. Although Able had ample opportunity, he made no request to amend his complaint (see *Metzger* v. *Vestal,* 76 Cal.App. 409, 417-418 [244 P. 942]), nor has he asserted in his briefs on this appeal the manner in which he proposes to amend his complaint to remedy the defect. "Abuse of discretion [by the trial court] is not shown where it is not indicated as to the manner in which it is proposed to amend nor the nature of the proposed amendment. [Citations.] Neither before the trial court nor before this court has plaintiff indicated the nature of a proposed amendment or the manner in which he would amend his complaint. Plaintiff has therefore failed to establish reversible error in the dismissal of the action. . . ." (*Schultz* v. *Steinberg,* 182 Cal.App.2d 134, 140-141 [5 Cal.Rptr. 890]; *Starbird* v. *Lane,* 203 Cal.App.2d 247, 262-263 [21 Cal.Rptr. 280].)

Assuming that each of Able's attorneys, respectively and at consecutive intervals, was misled by defense counsel into believing that time would be extended to file an answer pending lie detector examinations or State Contractors' Licensing Board investigation and hearings, sufficient grounds for equitable relief from default could be made to appear. We find that the complaint, although technically imprecise, states on its face a cause of action. ■ However, "[r]elief will

be denied where the attorney, with knowledge of the time limit and without any justifiable belief that it has been or will be extended, fails to file an answer or other required paper.'' (3 Witkin, Cal. Procedure (1954) Attack on Judgment in Trial Court, § 55, p. 2108; *City of Pacific Grove* v. *Hamilton,* 100 Cal.App.2d 508 [224 P.2d 19]; *Luz* v. *Lopes,* 55 Cal.2d 54, 63 [10 Cal.Rptr. 161, 358 P.2d 289].)

█ It is generally not proper for the court to refer to extrinsic material or facts in ruling on a general demurrer, for the obvious reason that only the law is presented for the court's consideration. This rule occasionally, however, has been relaxed in order to allow the court to take judicial notice of evidentiary matters in its own records, including affidavits, declarations, and interrogatories or requests for admissions, which are inconsistent with the allegations in the complaint. (*Nulaid Farmers Assn.* v. *LaTorre,* 252 Cal.App.2d 788, 791 [60 Cal.Rptr. 821]; *Dwan* v. *Dixon,* 216 Cal.App.2d 260, 265 [30 Cal.Rptr. 749].)

█ A general demurrer may properly be sustained without leave to amend where the broad allegations of the plaintiff's complaint are directly contradicted by an affidavit filed voluntarily in opposition to the defendant's demurrer. ''The rule is well established that a complaint good on its face is nevertheless subject to demurrer when facts judicially noticed render it defective.'' (*Dwan* v. *Dixon, supra,* p. 265.) Otherwise, the pleader could breach with impunity the principle requiring truthful pleading and bypass a demurrer by suppressing facts.

█ In the instant case the plaintiff's admissions concerning the letters render the complaint patently less than truthful, and the declarations filed in connection with the request for temporary injunction justify the court in sustaining the demurrer without leave to amend because the facts thus revealed clearly demonstrate that appellant had no basis for amendment.

The judgment of dismissal is affirmed.

Wood, P. J., and Lillie, J., concurred.