Filed 6/3/15  Stanton v. Bank of New York Mellon CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| DAVID STANTON et al., | |
| Plaintiffs and Appellants, | G050913 |
| v. | (Super. Ct. No. RIC1206406) |
| THE BANK OF NEW YORK MELLON, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a judgment of the Superior Court of Riverside County, Paulette Durand-Barkley, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

Rodriguez Law Group, Patricia Rodriguez and George M. Hill for Plaintiffs and Appellants.

Akerman LLP, Justin D. Balser and Christopher R. Fredrich for Defendant and Respondent.

**INTRODUCTION**

The financial markets' collapse and the recession have generated a cottage industry in complaints against lenders and related entities based on the workings of the secondary markets for mortgages and deeds of trust. Many of these complaints allege that a foreclosure or an impending foreclosure was or is improper because the foreclosing entity does not have an interest in the debt, owing to the way the note and deed of trust were sold or bundled for resale. Such lawsuits have been repeatedly rejected, both by California courts and by federal courts applying California law. Lack of success, however, has not diminished the enthusiasm for them.

This is just such a complaint. Borrowers David and Donita Stanton sued their lender and various other entities on the theory they were the victims of predatory loan practices in the financing of the loan for their house. They have made the customary allegations regarding the sale of their note and deed of trust and have alleged that, in effect, nobody owns their debt. Most of their first amended complaint was dismissed after the trial court sustained demurrers without leave to amend.

This appeal deals with the judgment entered after a demurrer to the sole remaining cause of action against respondent Bank of New York Mellon (BofNY) in the second amended complaint was sustained without leave to amend. The Stantons alleged a violation of the federal Truth in Lending Act against BofNY for failing to give proper notice of the sale or assignment of a mortgage loan. We can find no such defect in the record the Stantons have provided us. We therefore affirm the judgment in favor of BofNY.

**FACTS**

The Stantons borrowed $600,000 from First Horizon Loan Corporation in 2005, secured by a house in Norco in Riverside County. When they were unable to make payments on the loan, they applied for loan modification with First Horizon. They

2

alleged that another company bought the loan from First Horizon and refused to afford them the relief they wanted. These circumstances, however, have nothing to do with the claim the Stantons have made against BofNY – violating the Truth in Lending Act (TILA).

The Stantons initially sued First Horizon, BofNY, Market Capital Mortgage, Inc., and Mortgage Electronic Registration System (MERS) in April 2012, alleging 11 causes of action. First Horizon and MERS demurred, and the court sustained the demurrers to all but one of the causes of action with leave to amend.[1] The Stantons filed the first amended complaint in September 2012, and this time First Horizon, MERS, and BofNY demurred. The Stantons were given leave to amend their federal TILA cause of action against BofNY and their cause of action against Market Capital for breach of fiduciary duty. The demurrers to all the other causes of action were sustained without leave to amend.

As of the second amended complaint, the Stantons' sole claim against BofNY was that the bank failed to comply with the TILA, because it did not notify them that their mortgage loan had been "sold or otherwise transferred or assigned to a third party," as required by 15 U.S.C. section 1641, subdivision (g). They alleged that "[o]n or about November 24, 2010, in an effort to fill the gaps in the chain of title, [BofNY] recorded an Assignment of Deed of Trust . . . executed by MERS in the Los Angeles County Recorder's Office as Instrument No. 2010-1795678."

The trial court sustained BofNY's demurrer to the TILA cause of action of the second amended complaint without leave to amend. Judgment was entered in its favor on May 20, 2013.

BofNY requested that we take judicial notice of Instrument No. 2010-1795678 recorded in Los Angeles County. We have done so, after giving the Stantons

---

[1] The demurrer to the remaining cause of action was sustained without leave to amend.

the opportunity to meet this information. (See Evid. Code, §§ 455, subd. (b), 459, subd. (c).) The document, entitled substitution of trustee and assignment of deed of trust, dated November 24, 2010, and recorded on December 7, 2010, refers to a deed of trust executed by one Larry B. Hernandez. Although the address of the property is not given, it is obviously found in Los Angeles County, not in Riverside County.[2]

## DISCUSSION

"In reviewing a judgment of dismissal after a demurrer is sustained without leave to amend, we must assume the truth of all facts properly pleaded by the plaintiff-appellant. Regardless of the label attached to the cause of action, we must examine the complaint's factual allegations to determine whether they state a cause of action on any available legal theory. . . . [¶] We will not, however, assume the truth of contentions, deductions, or conclusion of fact or law and may disregard allegations that are contrary to the law or to a fact which may be judicially noticed." (*Daily Journal Corp. v. County of Los Angeles* (2009) 172 Cal.App.4th 1550, 1554-1555.) We affirm a judgment based on the sustaining of a demurrer on any properly supported ground, regardless of the trial court's reasons. (*Fremont Indemnity Co. v. Fremont General Corp.* (2007) 148 Cal.App.4th 97, 111.)

We review the refusal of the trial court to permit amendment after the sustaining of a demurrer for abuse of discretion. (*Paterno v. State of California* (1999) 74 Cal.App.4th 68, 110.) The appellant must explain what the proposed amendments are and how they would cure the initial pleading deficiencies. (*Ibid.*)

---

[2]      In their reply brief, the Stantons acknowledge that they alleged the wrong assignment in both the first amended complaint and the second amended complaint. They argue now that there was another assignment, upon which they wish us to rule, sight unseen. They cannot raise a new argument in their reply brief without a good explanation for their tardiness (see e.g. *Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 52) which they have not provided, and, in any event, they have not requested judicial notice of the correct assignment if there is one.

4

## I. TILA Cause of Action

15 U.S.C. section 1641, subdivision (g), provides: "Notice of new creditor. [¶] (1) In general. In addition to other disclosures required by this title, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including – [¶] (A) the identity, address, telephone number of the new creditor; [¶] (B) the date of transfer; [¶] (C) how to reach an agent or party having authority to act on behalf of the new creditor; [¶] (D) the location of the place where transfer of ownership of the debt is recorded; and [¶] (E) any other relevant information regarding the new creditor. [¶] (2) Definition. As used in this subsection, the term 'mortgage loan' means any consumer credit transaction that is secured by the principal dwelling of a consumer." The subdivision was added to the TILA in May 2009.

In both the first and second amended complaints, and possibly in the original complaint (which is not in the record), the Stantons alleged that BoNY had violated the TILA by not notifying them of the sale, transfer, or assignment of their mortgage loan, specifically one that occurred by means of an assignment recorded in the Los Angeles County Recorder's Office. We evaluate a demurrer based not only on the allegations of the complaint but also on documents of which we may take judicial notice. (Code Civ. Proc., § 430.70.) We can take judicial notice of the legally operative language of a recorded document (*Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 264-265), and if the language of the recorded document is inconsistent with the allegations of the complaint, the recorded document controls. (*Mead v. Sanwa Bank California* (1998) 61 Cal.App.4th 561, 568; *Dwan v. Dixon* (1963) 216 Cal.App.2d 260, 265.) "From this, the court may deduce and rely on the legal effect of the recorded document, when that effect is clear from its face." (*Fontenot v. Wells Fargo Bank, N.A., supra,* 198 Cal.App.4th at p. 265.)

We conclude the Stantons cannot base a TILA cause of action for failure to give notice of the assignment of a deed of trust executed by somebody else for property in a different county.  BofNY could have no conceivable obligation to notify the Stantons about Larry Hernandez's deed of trust.  That is, however, all we conclude with respect to the notice aspect of the TILA cause of action.  The demurrer was properly sustained to this cause of action.

**II.**          **Award of Damages**

The Stantons appeared not to have noticed that the proceeding at issue was a demurrer.  The purpose of a demurrer is to test the sufficiency of the complaint, to see whether the plaintiff has alleged facts sufficient to state a cause of action.  (*Kong v. City of Hawaiian Gardens Redevelopment Agency* (2002) 108 Cal.App.4th 1028, 1037; Code Civ. Proc., § 430.10, subd. (e).)  It is not to adjudicate an award of damages.  Therefore the trial court's "fail[ure]" to award damages to the Stantons under 15 U.S.C. section 1640, subdivision (a), was not error.

**III.**          **Leave to Amend**

It was the Stantons' burden to explain to both the trial court and to us how they could amend the second amended complaint to state a cause of action.  (*Smith v. State Farm Mutual Automobile Ins. Co.* (2001) 93 Cal.App.4th 700, 711; *Paterno v. State of California, supra,* 74 Cal.App.4th at p. 110.)  They have not done so.  They have merely asserted that they should have been allowed to amend.  Accordingly the trial court did not abuse its discretion in denying leave to amend once again.

6

## DISPOSITION

The judgment is affirmed.  Respondent is to recover its costs on appeal.

Respondent's request for judicial notice is granted.


                                        BEDSWORTH, J.

WE CONCUR:


RYLAARSDAM, ACTING P. J.


IKOLA, J.