Filed 12/21/21  Marriage of Karuppiah and Thurairajah CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| In re the Marriage of NARAYANAN KARUPPIAH and ROSALIN THURAIRAJAH. | D077069 |
| NARAYANAN KARUPPIAH, Respondent, v. ROSALIN THURAIRAJAH, Appellant. | (Super. Ct. No. D527881) |

APPEAL from an order of the Superior Court of San Diego County, Enrique E. Camarena, Judge.  Affirmed.

Rosalin Thurairajah, in pro. per., for Appellant.

Kristine C. Blagof for Respondent.

This is the third appeal by Rosalin Thurairajah (Wife) in this marriage dissolution matter that has spanned a decade.  In Wife's first appeal from the judgment of dissolution, we affirmed the court's determination of Narayanan Karuppiah's (Husband) separate property interests.  (*Karuppiah v.*

*Thurairajah* (Apr. 28, 2017, D070286) [nonpub. opn.] (*Karuppiah I*).)[1]  In the second appeal, we reversed, in part, postjudgment orders imposing $10,000 sanctions against Wife and in favor of Husband pursuant to Family Code[2] section 271 because the trial court did not tether the sanction award to attorney fees as required by statute.  (*Karuppiah v. Thurairajah* (Oct. 31, 2018, D071601) [nonpub. opn.] (*Karuppiah II*).)  On remand, the trial court considered the sanction request anew and again sanctioned Wife $10,000 for her conduct in frustrating and delaying efforts to resolve this litigation.  The court based the sanction award on reasonable attorney fees incurred by Husband as a result of Wife's conduct.

Wife again appeals the postjudgment sanction order contending the court's reconsideration of the sanction award on remand contravened the intention of our prior opinion and the court abused its discretion in imposing the sanction award.  We disagree.  The court acted within the scope of our prior decision and we find no abuse of discretion in the court's sanction award.  We, therefore, affirm the order.

---

[1]    We reversed on a point not relevant to this appeal.  (*Karuppiah I, supra*.)

[2]    Statutory references are to the Family Code unless otherwise stated.

FACTUAL AND PROCEDURAL BACKGROUND[3]

A

"Husband and Wife married in a civil ceremony in January 2004.  Wife entered the marriage without assets; Husband entered owning a house (that became the family home) and investment and retirement accounts." (*Karuppiah I*, *supra*, D070286.)  The couple had a child in 2006.  However, the marriage fell apart over a three-year period when Husband and Wife did not live as a married couple even though they resided in the same house.  "Husband filed a petition for dissolution in San Diego Superior Court in February 2011."  (*Ibid.*)

Between June 2014 and February 2016 Husband's counsel prepared and followed-up on settlement offers to Wife to resolve the matter.  Wife did not respond to the settlement offers and made no settlement offers of her own.

Shortly before the original trial date in August 2015, Wife requested mediation.  After a full day of mediation, the parties reached a settlement agreement whereby Wife would receive the family home free of debt plus ongoing spousal support for 12 additional months.  The value of the settlement was approximately $512,000.  However, Wife said she was too tired after the mediation to wait to execute a stipulated judgment and

---

[3]      On our own motion, we take judicial notice of our prior unpublished opinions in *Karuppiah I* and *Karuppiah II*.  (Evid. Code, § 452, subd. (d); see *Dwan v. Dixon* (1963) 216 Cal.App.2d 260, 265 ["a court may take judicial notice of the contents of its own records"].)  We draw the factual and procedural background largely from our prior opinions because the record provided by Wife on this appeal is sparse.  (*In re W.R.* (2018) 22 Cal.App.5th 284, 286, fn. 2 ["Citation of our prior unpublished opinion is permitted by California Rules of Court, rule 8.1115(b)(1) 'to explain the factual background of the case and not as legal authority.'  [Citations.]"].

insisted that it be sent to her for review and signature the following day. When Wife failed to respond to requests to execute the stipulated judgment, Husband's counsel filed an ex parte request to reset the trial.

The matter proceeded to trial and "[i]n March 2016 the court entered a judgment dissolving Husband and Wife's marriage. As part of the judgment, the court confirmed a home and several investment and retirement accounts as Husband's sole and separate premarital property, subject to some community property reimbursements to Wife. The court also found other investment and retirement accounts were Husband's premarital assets; however, because the parties disagreed about whether there were any community property contributions to these accounts, the court ordered the parties to meet and confer on the matter. The judgment included a provision ordering each party, 'at the request of the other, to execute and deliver any instrument, furnish any information, and perform any other act reasonably necessary to carry out the provisions of this Judgment without undue delay or expense.'" (*Karuppiah II, supra*, D071601.)

B

"In April 2016 Husband filed an ex parte application for an order appointing an elisor. The same day, Husband also filed a request for a temporary emergency order granting him exclusive use of the home as well as orders: (1) appointing an elisor, (2) requiring Wife to return money she withdrew from the accounts awarded to Husband, and (3) sanctioning Wife.

"Both the application and the request stated Wife refused to comply with the dissolution judgment's requirement to transfer the home and the accounts awarded to Husband into Husband's name. In addition, the application stated Wife withdrew a total of $55,000 from two of the accounts without authorization.

4

"After first determining Wife had notice of the hearing, the court granted the ex parte application. The court ordered Wife to return the withdrawn funds within 48 hours and appointed an elisor to transfer the home and the two accounts to Husband. The same day, the elisor transferred the home and one of the accounts to Husband." (*Karuppiah II, supra,* D071601.)

"The court set a hearing in May 2016 to review the matter and to consider the sanctions portion of the request. About a week before the hearing, the Wife submitted a declaration stating she was unrepresented and had a medical condition rendering her physically unable to appear for any court proceedings for eight weeks. As support for her declaration she provided a doctor's note stating she had broken her upper arm on her dominant side and should be excused from any activity requiring her to use her arm or hand for the next six to eight weeks.

"On the day of the May 2016 hearing, Wife appeared by telephone. She told the court she had broken her upper arm, was in pain, was taking pain medication, and was unable to move or write. She also told the court she would not be able to stop taking pain medication and begin physical therapy for at least another six to eight weeks.

"The court questioned how a broken arm prevented her from complying with the dissolution judgment's requirement for her to transfer accounts to Husband. In response, Wife did not argue she was physically unable to comply with the judgment. Rather, she argued she did not believe she had to comply with the judgment because she appealed it.

"Husband argued Wife did not appeal the judgment until two days after the court granted the ex parte application and appointed an elisor. Husband also argued Wife had only broken her arm two weeks earlier and had plenty

of time before then to comply with the dissolution judgment, which simply required her to sign some forms. Instead of complying, she took $55,000 out of Husband's accounts. Finally, while Husband did not dispute Wife had a medical issue, he asserted there has not been a single court appearance 'where she hasn't asked for a continuance, where she hasn't had some excuse, where there hasn't been a reason for delay.'

"After reviewing the doctor's note, the court found Wife's injury did not excuse her from transferring the accounts or signing the documents. In addition, the court found Wife was properly served with the hearing documents and her claims to the contrary were not credible. The court also implicitly found Wife's claims of being affected by pain medication were not credible, noting she was coherent, did not have disjointed speech, and was making reasonable arguments.

"The court next considered the parties' evidence and arguments regarding the remaining issues before the court, including the appointment of an elisor to transfer the second account to Husband's name, an order requiring Wife to move out of the home, and an order imposing sanctions against Wife to be satisfied from community property awarded to her. The court decided to appoint an elisor and ordered Wife to vacate the home by the end of the month and to return the withdrawn funds within two days.

"The court reserved jurisdiction over the issue of whether to impose sanctions and set a hearing in June 2016 to further review the matter. The court also ordered Wife to personally appear at the June 2016 hearing and, if she could not be at the hearing, to provide a specific doctor's note beforehand stating she was physically unable to appear." (*Karuppiah II, supra,* D071601.)

"Near the end of May 2016, Wife filed an ex parte application for an order continuing the June 2016 hearing. The application was supported by an electronically signed note from a nurse practitioner. The note was dated a few days earlier, placed Wife off activity for one day only—the day of the hearing—and stated without any explanation Wife was unable to appear in person for the hearing. The court denied the application.

"A few days before the June 2016 hearing, Wife filed a declaration stating she had not been properly served with the ex parte application or the hearing documents, and there had not been any meeting and conferring by the parties as required by the dissolution judgment. She also stated she took out $53,335 from two investment accounts to reimburse herself $15,355 for child support, $5,000 for attorney fees, and $9,727 for community funds used to pay the mortgage on the home awarded to Husband. She used the remaining $23,273 to pay the expenses of the trust which held the investment accounts.

"On the day of the June 2016 hearing, Husband informed the court Wife refused to move out of the home unless Husband went through formal eviction proceedings. He requested a temporary restraining order with a move-out order. He also reiterated his requests for attorney fees, costs, and sanctions.

"Wife filed another declaration on the day of the hearing but did not appear for the hearing. The declaration reiterated some of the claims in her prior declaration and challenged the amount and necessity of the attorney fees and costs Husband incurred to obtain the elisor and prepare for the June 2016 hearing.

"Regarding Wife's objection to Husband's claimed attorney fees and costs, the court found most of the challenged charges arose out of Wife's

7

efforts to delay the proceedings and her failure to follow court orders or the judgment.

"Regarding Wife's absence from the hearing, the court stated it had previously heard Wife's explanations about her limitations due to her upper arm injury and did not find her credible. The court also stated it had reviewed the nurse practitioner's note supplied by Wife and did not find the note credible because it 'conveniently only places [Wife] off activity for [the day of the June 2016 hearing]. Knowing that . . . we were going to discuss sanctions and revisit whether or not she had moved out of the home.'

"In October 2016 the court issued an order requiring Wife to pay Husband's attorney fees of $9,835 and costs of $860.03 for failing to abide by the dissolution judgment and to transfer to Husband the property the court awarded to Husband.[4] In addition, the court imposed sanctions of $10,000 against Wife under Family Code section 271 for the delays she caused. The court also granted a temporary restraining order with a move-out order and imposed a sanction of $150 a day against her until she vacated the home." (*Karuppiah II, supra,* D071601.)

"In January 2017 Husband requested an order enforcing the judgment, including orders related to equalization payments, retirement, repayment of stolen funds, sanctions, and attorney fees. Essentially, Husband sought to resolve the issues left open in the dissolution judgment regarding the amount of the community property interest in several of Husband's investment and retirement accounts. Husband also sought to offset debts Wife owed to

_____

4     Husband's attorney submitted a declaration on June 3, 2016, setting forth her normal hourly billing rate and a billing statement showing attorney fees in the amount of $9,835 and costs in the amount of $860.03, which were incurred between April 2016 and part of June 2, 2016, for enforcement of the judgment of dissolution.

Husband against her share of the community property interest and to obtain attorney fees and sanctions against her for her conduct.

"Before the February 2017 hearing on the request, Wife submitted a declaration stating she was unable to appear at the hearing for medical reasons and requested a continuance until May 2017. Appended to the declaration was an unsworn doctor's note stating, '[Wife] is currently undergoing medical testing for her recent symptoms. Please excuse her from court hearings in the next 3 months.'

"Wife did not appear at the February 2017 hearing. The court sustained Husband's hearsay objection to the doctor's note and implicitly denied her request for a continuance. The court then conducted the hearing at which Husband testified and presented documentary evidence and arguments.

"In May 2017 the court issued an order resolving the open issues from the dissolution judgment by determining the amount of the community property interest in Husband's investment and retirement accounts and confirming the remainder of the accounts as Husband's sole and separate property. The court also determined the amount Wife owed Husband for unauthorized withdrawals from Husband's investment and retirement accounts as well as for attorney fees, costs, and sanctions. The court then offset Wife's share of the community property interest by Wife's debts to Husband, resulting in a balance owed by Wife of $12.35." (*Karuppiah II, supra*, D071601.)

On Wife's appeal of the postjudgment orders, we reversed the October 2016 order imposing $10,000 in sanctions and the portion of the May 17 order offsetting Wife's share of the community property interest in Husband's accounts for the sanction because it was not clear the $10,000 award was

9

tethered to attorney fees. In all other respects, we affirmed the orders. *Karuppiah II, supra*, D071601.

C

After remand, the court asked for updated declarations to address the issue of sanctions. Counsel for Husband submitted a declaration regarding attorney fees incurred between 2014 and 2016. Counsel set forth her hourly rate in 2016 was $350 per hour as a certified family law specialist.

Husband's counsel explained the billing statement she submitted at the June 2016 hearing was limited to postjudgment enforcement efforts from April 1, 2016 through a portion of June 2, 2016. Counsel also sought in 2016 an additional $15,000 in sanctions for attorney fees incurred at other stages of the case as a result of Wife's conduct.

In her updated declaration, Husband's counsel explained she spent 6.2 hours between June 2014 and February 2016 preparing and following-up on the settlement offers to which Wife never responded, amounting to fees of $2,170.

Husband's counsel spent 17.3 hours preparing for the mediation in 2015, attending the mediation, attempting to obtain the stipulated judgment, and requesting the ex parte hearing to reset the trial date for fees in the amount of $6,055.

After trial, Husband's counsel prepared a proposed judgment from the trial orders. However, Wife refused to sign the proposed judgment prepared by Husband's counsel. According to counsel, "complications associated with [Wife's] refusal to meaningfully meet and confer on finalizing the judgment took 8.8 hours" and amounted to fees of $3,080.

In addition, Husband's counsel spent 2.5 hours in June 2016 working on the application for removal and request for a domestic violence restraining

10

order for fees of $875. She spent an additional 5.5 hours delivering the restraining order to the Sheriff and serving Wife with the temporary restraining order, incurring fees of $1,925.

Wife submitted an opposing declaration. Wife did not dispute the hours or fees incurred by Husband, but offered rebuttal to "inaccurate statements" by Husband's counsel. She asserted that (1) Husband's counsel was not cooperative throughout the proceedings, (2) the parties did not reach a "full settlement" at the mediation and Husband's counsel included provisions in the proposed agreement after mediation that were never discussed, (3) Wife was injured when the temporary restraining order issued and, upon service, immediately vacated the family residence with her child, and (4) Wife objected to the proposed judgment, but Husband's counsel did not engage with Wife about the objection and filed the proposed judgment.

Wife admitted she withdrew over $50,000 from two accounts "as a means of effectuating payment of the $30,082 that [Husband] owed to [Wife]." She admitted this was more than she was owed. Wife challenged other aspects of the court's prior order, claiming the court did not account for money owed to Wife and that Husband owes her money after the appeal in *Karuppiah II*. She also claimed Husband's counsel did not properly submit a request for attorney fees and the court did not complete a qualified domestic relations order.

At the hearing after remand, the court confirmed the only issue before it was whether to reinstate section 271 sanctions tethered to attorney fee requests. Husband's counsel argued she easily incurred more than $10,000 in fees before the entry of judgment based on her efforts to have Wife approve the proposed judgment, trying to "catch up with the money that [Wife] had been just quickly liquidating," and "try[ing] to get her out of the house."

11

Wife denied she tried to delay the case and claimed Husband's counsel's statements were not truthful. Wife claimed she left the home as soon as she received the court's temporary restraining order. When the court commented that a judge had ordered the house as Husband's months earlier, Wife claimed she believed "in [her] heart" the house belonged to her.

In response to Wife's concerns that the judgment was not properly enforced or that something needed to be handled differently, the court stated Wife could make a separate request for order. However, the court explained, the only issue before it was Husband's request for sanctions.

After considering the declarations and arguments, the court again determined sanctions were appropriate because Wife's conduct "delayed the resolution of this matter unreasonably so" and increased the cost of litigation. The court found the attorney fees incurred and requested by Husband's counsel were reasonable and well in excess of $10,000. The court again awarded sanctions in the amount of $10,000 pursuant to section 271 to be paid to Husband from Wife's interest in community property funds.

DISCUSSION

I

*The Trial Court Had Authority to Consider the*

*Sanction Request Anew on Remand*

Wife contends the trial court erred in rehearing and reimposing sanctions under section 271 after our opinion in *Karuppiah II* reversed the sanction order and the portion of the order offsetting the sanctions from Wife's share of community property. We disagree.

A "reviewing court may affirm, reverse or modify any judgment or order appealed from, and may direct the proper judgment or order to be entered, or direct a new trial or further proceedings to be had. (Code Civ. Proc., §§ 43,

12

906.)  The order of the reviewing court is contained in its remittitur, which defines the scope of the jurisdiction of the court to which the matter is returned." (*In re Anna S.* (2010) 180 Cal.App.4th 1489, 1499.)  "[T]he directions in the dispositional language, as conveyed by the remittitur, are to be followed by the trial court on remand." (*Ducoing Management, Inc. v. Superior Court* (2015) 234 Cal.App.4th 306, 313 (*Ducoing*).)

"The appellate court need not expressly comment on every matter intended to be covered by the disposition. The disposition is construed according to the wording of its directions, as read with the appellate opinion as a whole." (*Ducoing, supra*, 234 Cal.App.4th at p. 313; *Ayyad v. Sprint Spectrum, L.P.* (2012) 210 Cal.App.4th 851, 863 (*Ayyad*) ["It is unnecessary and inappropriate for an appellate court to attempt to envision and to set forth in detail the entire universe of matters prohibited by its directions on remand."].)

An unqualified reversal, stating the judgment or order is "reversed" without further direction, "ordinarily has the effect of remanding the cause for a new trial on all issues presented by the pleadings." (9 Witkin, Cal. Procedure (5th ed. 2020) Appeal, § 870.)  "The effect of our reversal of the judgment [or order] in part is to place the parties in the position they were in before the case was tried with respect to those issues on which we reverse the judgment [or order]." (*Fassberg Construction Co. v. Housing Authority of City of Los Angeles* (2007) 152 Cal.App.4th 720, 758 citing *Weisenburg v. Cragholm* (1971) 5 Cal.3d 892, 896; see also *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.* (1999) 20 Cal.4th 163, 190 [when a court prescribes a new legal standard it is appropriate to allow the parties an opportunity to present additional evidence to meet the standard].)

An unqualified reversal can result in entry of judgment with no retrial, but only if the opinion "as a whole establishes a contrary intention" to the general rule. (*Stormer v. Browning* (1968) 268 Cal.App.2d 513, 518–519; *In re Anna S.*, *supra*, 180 Cal.App.4th at p. 1500.) Courts have stated the *Stormer* exception is infrequently applied and should not be applied "where the prior opinion does not unmistakably express an intent to bar retrial." (*Bank of America v. Superior Court* (1990) 220 Cal.App.3d 613, 623.)

We independently review as an issue of law whether the trial court correctly interpreted an appellate opinion by looking to "the wording of the dispositional language, construing these directions 'in conjunction with the opinion as a whole.' " (*Ducoing, supra*, 234 Cal.App.4th at p. 313 quoting *Ayyad, supra*, 210 Cal.App.4th at p. 859; see also *In re Justin S.* (2007) 150 Cal.App.4th 1426, 1435 ["To the extent that the dispositional language used in our remittitur did not expressly state [our directions] . . . , the opinion as a whole compels that interpretation"].)

Our opinion in *Karuppiah II* explained, " 'The plain language of section 271 authorizes the court to impose "attorney fees and costs" as a sanction for conduct frustrating settlement or increasing the cost of the litigation' " and " 'Section 271 "means what it says"—sanctions available under the statute are limited to "attorney fees and costs." ' " (*Karuppiah II, supra*, D071601, at p. 13, quoting *Sagonowsky v. Kekoa* (2016) 6 Cal.App.5th 1142, 1153.) Although Husband contended there were attorney fees and costs to which the court could have tethered the sanction award, we concluded that nothing in the record before us at the time indicated the sanction award was so tethered.

Our disposition stated, "The order of October 2016 is reversed to the extent it imposes a $10,000 sanction untethered to Husband's attorney fees and costs and the order of May 2017 is reversed to the extent it offsets Wife's

14

share of the community property interest in Husband's retirement and investment accounts for this sanction. The orders are affirmed in all other respects . . . ." (*Karuppiah II, supra,* D071601.)

Our disposition, read in conjunction with the opinion, was an unqualified reversal of the orders to the extent they included sanctions untethered to attorney fees and costs. Nothing in our opinion expressed an unmistakable intent to bar retrial. To the contrary, the orders were subject to retrial on the limited issue of sanctions. (See *Frankel v. Four Star International, Inc.* (1980) 104 Cal.App.3d 897, 902–903, [trial court properly determined damage award anew where case remanded for clarification of findings of fact on damages].)

Because the sanction award was reversed and subject to retrial there was no final adjudication or conclusive resolution of the merits of that issue. As such, contrary to Wife's contention, res judicata, or issue preclusion, is not applicable. (*DKN Holdings LLC v. Faerber* (2015) 61 Cal.4th 813, 824–825.)

II

*The Trial Court Properly Exercised Its*

*Discretion to Impose Section 271 Sanctions*

Wife contends the trial court abused its discretion in imposing sanctions because her conduct did not frustrate or delay the litigation process and the court failed to consider her financial burden when it imposed sanctions. Again, we disagree.

Section 271, subdivision (a) provides, "Notwithstanding any other provision of this code, the court may base an award of attorney's fees and costs on the extent to which the conduct of each party or attorney furthers or frustrates the policy of the law to promote settlement of litigation and, where possible, to reduce the cost of litigation by encouraging cooperation between

15

the parties and attorneys. An award of attorney's fees and costs pursuant to this section is in the nature of a sanction. In making an award pursuant to this section, the court shall take into consideration all evidence concerning the parties' incomes, assets, and liabilities. The court shall not impose a sanction pursuant to this section that imposes an unreasonable financial burden on the party against whom the sanction is imposed. In order to obtain an award under this section, the party requesting an award of attorney's fees and costs is not required to demonstrate any financial need for the award."

This statute "imposes a 'minimum level of professionalism and cooperation,' to effect the policy favoring settlement of family law litigation—and a reduction of the attendant costs. [Citations.] Section 271 ' "authorizes sanctions to advance the policy of promoting settlement of litigation and encouraging cooperation of the litigants" and "does not require any actual injury." [Citation.] Litigants who flout that policy by engaging in conduct that increases litigation costs are subject to imposition of attorney fees and costs as a section 271 sanction." ' " (*In re Marriage of Davenport* (2011) 194 Cal.App.4th 1507, 1524.)

The imposition of sanctions under this statute is "committed to the discretion of the trial court, and will be reversed on appeal only on a showing of abuse of that discretion, that is 'only if, considering all of the evidence viewed more favorably in its support and indulging all reasonable inferences in its favor, no judge could reasonably make the order.' " (*In re Marriage of Davenport, supra*, 194 Cal.App.4th at p. 1524.)

The trial court, who was familiar with the litigation over the course of many years, considered on remand declarations filed in 2016 in support of the original sanction request as well as updated declarations from both Husband's counsel and Wife. Husband's counsel clarified for the court the

hours and fees incurred in 2016 as a result of Wife's conduct. Wife contended she did not unreasonably delay the proceedings and claimed the facts were not as represented by Husband's counsel. She also said she was injured and could not do anything.

After considering the declarations and arguments of both Husband and Wife, the court rejected Wife's claims that she did not delay the proceedings. It determined that Wife's conduct "delayed the resolution of this matter unreasonably so." It cited the time Husband's counsel devoted to request an elisor after Wife failed to comply with a court order to return funds she admitted she wrongfully withdrew from accounts, and to obtain a court order for Wife to vacate the home the court had awarded to Husband. The court determined Wife's conduct frustrated not only settlement of the matter, but also finalization of the judgment and proper distribution of the property, all of which increased the cost of litigation. The court found the attorney fees incurred and requested by Husband's counsel were reasonable and well in excess of $10,000.

The court noted that Husband's counsel initially requested $15,000 in attorney fees and counsel's recent declaration added more clarity to the request. The court commented that Husband could have reasonably requested a lot more in costs than he did. Ultimately, however, the court determined it would not be fair to award more than the $10,000 it previously awarded. It again ordered $10,000 to be paid to Husband from Wife's share of community property funds that had not yet been distributed.

Wife contends the court did not consider the financial burden upon her when it ordered sanctions as required by section 271. Not so. The court clarified with Husband's counsel that the prior court order was to pay any sanction award from the distribution of community property funds pursuant

17

to a qualified domestic relations order and those funds had not yet been distributed. The court determined community property funds were available from which the sanction award to Husband could be satisfied.

Based on the record before us, we conclude the trial court acted well within its discretion.

III

*We Do Not Consider Issues Raised For the First Time in Reply*

In her reply brief, Wife appears to contend that the attorney fee and sanction award was improper because her first appeal should have stayed proceedings and the various orders entered between May 2016 and May 2017. She also appears to dispute the merits of the property division orders. We decline to consider these contentions. First, appellate courts generally do not consider arguments raised by appellants for the first time in a reply brief. (See, e.g., *Raceway Ford Cases* (2016) 2 Cal.5th 161, 178; *Varjabedian v. City of Madera* (1977) 20 Cal.3d 285, 295, fn. 11.) Second, the arguments are disjointed and consist primarily of quotations from various cases without cogent legal analysis or citation to the record in this appeal.[5] (*Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956 [arguments not supported by " ' "reasoned argument and citations to authority" ' " results in forfeiture]; *In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830 ["The absence of cogent legal argument or citation to authority allows this court to treat the contention as waived"]; *Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 768 [failure to cite to record on appeal may result in forfeiture of issue]; Cal. Rules of Court, rule 8.204(a)(1)(C) [briefs must

_____

[5] Wife includes some citations to records in the prior appeals, but has not sought judicial notice of these prior files.

18

"[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears"].) In any event, judgments requiring payment of money, such as support orders, are not stayed pending an appeal unless an undertaking is given. (Code Civ. Proc., § 917.1, subd. (a)(1); § 5603, subd. (b).)

DISPOSITION

The order is affirmed. Respondent is entitled to recover his costs on appeal.

McCONNELL, P. J.

WE CONCUR:


HALLER, J.


GUERRERO, J.